## 58757. STANLEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was charged with the murder of his father but was convicted of the lesser offense of voluntary manslaughter. He had been living with his father but was asked to leave home because of "money matters and . . . writing some bad checks on his father's account." He returned to his father's home to ask him to permit him to "move back home and stay." An argument ensued. The defendant told the jury that his father said "if I didn't get out he would throw me out . . ." They began pushing each other and the defendant testified that he pushed his father

"across the bed and his head hit the floor." He placed the victim on the bed and found blood beneath his head. He determined that his father was dead and wrapped the victim in sheets and placed him in his car. After driving away from the house he found some gasoline in the car and poured it over the car and set it afire. Large portions of the corpse were consumed in the flames.

Human blood was found "spattered" on the floor and wall of the victim's bedroom. Blood was found on several pairs of shoes, an ashtray found by the bed, the mattress, and a plywood bedboard found underneath the mattress. The defendant appeals from the jury verdict of guilty of voluntary manslaughter. *Held:*

1. Although the evidence is circumstantial in part, it "must be reviewed [by this court] in the light most favorable to the verdict rendered." *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Bradham v. State,* 148 Ga. App. 89 (1) (250 SE2d 801). Applying the constitutional standard enumerated in Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560, 561), we find after viewing the evidence "in the light most favorable to the prosecution, sufficient evidence existed for a rational fact finder to conclude beyond a reasonable doubt" that the guilt of the defendant of the offense for which he was convicted had been established. Accordingly, the general grounds are without merit.

For the same reason, the trial court did not err in denying defendant's motion for a directed verdict. See *Gannaway v. State,* 142 Ga. App. 87 (1) (235 SE2d 392); *Alexander v. State,* 239 Ga. 108, 112 (236 SE2d 83).

2. Defendant contends the court erred in refusing to grant his "notice to produce." The transcript reveals that the defendant presented a "notice to produce . . . under Code . . . Section 38-801 (G), any statements . . . investigative reports, interviews with . . . about 15 people listed thereon. [District Attorney]: Every witness I have." Our Supreme Court has held that " '[t]here is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the client.' "

*Stevens v. State,* 242 Ga. 34, 36-37 (247 SE2d 838). "'Statements of witnesses in the prosecutor's files (nothing more appearing) may not be reached by Code Ann. § 38-801 (g).' *Stevens v. State,* 242 Ga. 34 (1)." *Holton v. State,* 243 Ga. 312, 316 (253 SE2d 736). We find no error.

3. Examination of jurors individually or en masse "is within the sound legal discretion of the trial court." *Whitlock v. State,* 230 Ga. 700, 706 (198 SE2d 865). No basis has been found in the record to show an abuse of discretion in the instant case in denying defendant's motion to examine the jurors individually.

4. The trial court did not err in permitting a police officer to testify to a statement made to him by the defendant, during the explanation of how the death of his father occurred, that "his father threw him out for writing checks on his father's account." The trial court ruled such testimony was admissible to show motive.

First, " '[i]t is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. [Cits.]' " *Ledford v. State,* 215 Ga. 799, 805 (113 SE2d 628). Secondly, " '[t]he general rule is that on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible.' [Cits.]

"Yet, this court has long recognized exceptions to this general rule, '. . . as when the extraneous crime forms a part of the res gestae . . . or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged.' [Cits.]" *Natson v. State,* 242 Ga. 618, 620 (250 SE2d 420).

In the instant case the defendant was charged with murder. He denied any intent to cause the death of his father. Motive and intent were in issue. One of the bases for the defendant being asked to leave home being the checks he had written upon his father's account, we find no error in the ruling of admissibility by the trial court.

5. Defendant enumerates as error the receipt in evidence of a photograph of the burned corpse of the victim. "It has long been settled in this state that photographs of the scene of a crime, the body of the victim and articles of clothing worn by the victim when properly identified are admissible in evidence notwithstanding, that they may be cumulative of other testimony and evidence presented." *Mize v. State,* 240 Ga. 197 (1) (240 SE2d 11). "Georgia law is abundantly clear that a photograph which is relevant and material to the issues in the case is not excludable on the ground that it would inflame the minds of jurors to see it." *Stevens v. State,* 242 Ga. 34 (5), supra. The fact that the photo may be "ghastly" because it was taken some time after the infliction of wounds does not affect admissibility. *Thompkins v. State,* 222 Ga. 420 (5) (151 SE2d 153); *Bowden v. State,* 239 Ga. 821 (2) (238 SE2d 905).

The doctor who performed the post-mortem on the victim expressed his opinion as to the cause of death — "subdural hemorrhage . . . secondary to some traumatic injury to the head." In explaining to the jury how he arrived at the conclusion of "subdural hemorrhage" as opposed to the "epidural" and "subarachnoid," types of hemorrhage, he used the photo objected to in demonstrating that a large portion of the "brain and skull [were] completely consumed in the fire . . ." which impeded the findings he could reach. The court did not err in admitting the photo used by the doctor to illustrate his opinion.

6. The defendant excepted to and enumerates as error the trial court's charge on the use of a deadly weapon. The indictment charged the defendant with murder of the victim with "a certain blunt instrument, the exact nature of said instrument unknown . . ." The investigating officer testified that the police did not "find such an instrument." The doctor who testified as to the cause of death was never asked if the cause of death could have been by a "blunt instrument."

The defendant testified that he did not intend to kill his father. He stated that during an argument he pushed his father over a bed and he fell, striking his head on the floor. The state's expert witness stated that if the deceased

"fell and struck his head" this would be consistent with cause of death "[i]f the blow were severe enough." Conversely, the physical evidence of blood spatters on the floor, wall, and various objects around the room were inconsistent with this theory. Accordingly, the intent of the defendant was a critical issue.

The court charged the jury: "Where a person uses a deadly weapon in the manner in which such weapon is ordinarily employed to produce death . . . thereby causing the death of a human being, the law presumes an intent to kill . . ." Our careful review of the record reveals there is not a scintilla of evidence of any weapon, deadly weapon, or any instrument of any type being used as a weapon, which could cause the death of the victim. Thus, the trial court injected into the instructions a charge not based upon any evidence of record.

In *Crosby v. State,* 150 Ga. App. 555, 557 (258 SE2d 264), we held: "The instructions of the court in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. [Cits.] Any instruction should stand upon a base founded in the evidence or the lack thereof. 'It is also the general rule that instructions even though abstractly correct [as in the instant case], should not be given unless authorized by the evidence . . . and when such an unauthorized instruction is given, if it should be confusing or misleading to a jury, a new trial will be required.' [Cits.] 'Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case.' [Cits.]" The intent of the defendant was a vital issue and the instruction could reasonably have drawn the attention of the jury to the possibility of use of a deadly weapon as the cause of death.

"It is error to inject into a case on trial any extraneous matter not in issue and unsupported by evidence, whether done by improper argument of counsel or by improper instructions on the part of the court . . . Instructions to the jury on a subject unsupported by any evidence and wholly irrelevant is error." *Campbell v. State,* 81 Ga. App. 834, 835 (60 SE2d 169); *Howard v. State,* 86 Ga. App. 85, 88 (70 SE2d 870). " 'A charge which injects into the case and

submits for the jury's consideration issues not made by the [indictment] or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to the defendant and is error requiring the grant of a new trial [Cits.] This is particularly true where the evidence on the issues really involved is conflicting.' [Cits.]" *Clarke County School District v. Madden,* 99 Ga. App. 670, 679 (3) (110 SE2d 47); *Crosby v. State,* 150 Ga. App. 555, 558, supra.

Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the evidence of record, we cannot say as a matter of law that the charge was neither confusing nor misleading. *Crosby v. State,* 150 Ga. App. 555, 558, supra; see cases cited therein. We find the inapplicable charge to be prejudicial error requiring reversal. We do not intend to intimate in any manner that the evidence was insufficient to convict the defendant where the testimony shows the cause of death of the victim was by trauma, but we emphasize that our decision is predicated only on an inapplicable charge. See *Moralez v. State,* 141 Ga. App. 208 (233 SE2d 53); *Hearn v. State,* 145 Ga. App. 469 (1) (243 SE2d 728).

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED JANUARY 10, 1980.

*Charles D. Newberry,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.