## 61798. BROWN v. THE STATE.

SOGNIER, Judge.

Brown was convicted of receiving stolen property. He appeals on the general grounds and also contends it was error for the prosecuting attorney to inform the jury in her opening statement that a crucial witness would testify to certain facts, and then fail to call that witness. Lastly, appellant contends the trial court erred by amending the indictment.

1. This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury. *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). Our examination of the transcript discloses that the evidence is more than sufficient to sustain the verdict. Further, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

2. In her opening statement to the jury, the prosecuting attorney made the following statement: "Now, in this case, the State expects the following evidence to be proven: Anne Celest Hill went to the Peachtree Plaza Hotel, which is downtown in Atlanta, and left her car in the parking garage. This was on June 3rd. It was about nine o'clock at night.

"She left — they have a system at the hotel where you drive into the parking lot that's under the hotel, and you leave your keys with a parking attendant, and you get a ticket and you go into the hotel.

Now, she left her car and went into the hotel. It was a new 1980 Toyota, and she was a little concerned about it because it was new." Anne Celest Hill was not called as a witness for the state and, therefore, appellant contends it was error for the prosecuting attorney to make the statement quoted above, and for the trial court to deny his motion for mistrial in connection therewith. Appellant relies on *Hall v. State,* 138 Ga. App. 20 (1) (225 SE2d 705) (1976). In *Hall,* the prosecuting attorney stated in his opening statement that a certain witness who would not be present saw the defendant and some other men come out [of the place burglarized]. We held in that case that such a statement was "damaging hearsay evidence given by the assistant district attorney in violation of Code Ann. § 38-301 . . ." and that under no circumstances should the prosecuting attorney become a witness for the state. Id. We agree with the rule enunciated in *Hall,* but it is inapplicable to the facts in the instant case.

Contrary to appellant's contention, the prosecuting attorney did not state that Anne Celest Hill would testify; the prosecuting attorney stated that "the State expects the following evidence to be proven:" The evidence did, in fact, establish the matters set forth in the prosecuting attorney's opening statement with the exception of the fact that Hill was "a little concerned" about it [the car] because it was new. We do not consider Ms. Hill's concern material in any way in determining appellant's guilt or innocence, so any error in such a statement would be harmless. See *Bruce v. State,* 142 Ga. App. 211, 213 (3) (235 SE2d 606) (1977). We also note, parenthetically, that Hill had been subpoenaed as a state witness; she did not appear for trial and could not be located during an overnight recess granted for that purpose. Thus, it is clear the prosecuting attorney was not attempting to mislead the jury.

3. Lastly, appellant contends the trial court erred by amending the indictment in its instructions to the jury. The indictment charged that appellant "did unlawfully receive and retain" the stolen property, i.e., one 1980 Toyota automobile. In its charge to the jury the court stated: "A person commits theft by receiving stolen property when he receives, disposes of or retains stolen property which he knows, or should have known or should know was stolen unless the property is received, disposed of or retained with intent to restore it to the owner." Appellant contends that because he was indicted for receiving *and* retaining stolen property, and the court charged a person was guilty if he receives, disposes of *or* retains stolen property, the court's charge would authorize a conviction even if the state failed to prove that appellant "knowingly received" the stolen vehicle. This contention is without merit. "It is not usually cause for new trial that an entire Code section is given. [Cit.] This is so even

though a part of the charge may be inapplicable under the facts in evidence. [Cit.]" *Keller v. State,* 245 Ga. 522 (1) (265 SE2d 813) (1980); *Bagley v. State,* 153 Ga. App. 777 (266 SE2d 804) (1980). Under the facts as presented in evidence we find it highly unlikely that the jury was misled by the charge, since the court also read the indictment to the jury verbatim in advising them of the offense of theft by receiving stolen property charged against appellant.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 14, 1981 —
REHEARING DENIED OCTOBER 13, 1981 ▮

*Tommy Chason, Lawrence Lee Washburn III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Wendy Shoob, Assistant District Attorneys,* for appellee.