63689, 63690. DAVIS v. INSURANCE COMPANY OF NORTH AMERICA; and vice versa.

SOGNIER, Judge.

Elise Davis sued Insurance Company of North America (INA) disputing the amount paid by the insurer for repair of damages to her automobile. The jury returned a verdict for the insurance company.

1. Appellant contends that the trial court erred in sending one of the written jury charges to the jury room. The charge in question was requested by the defendant insurance company, and stated that the insurer's liability should be determined by the terms of the insurance contract and if the jury should find from the evidence "that the Insurance Company of North America has fulfilled its obligations by reaching an agreed price with a reputable repair shop selected by Plaintiff and forwarding to Plaintiff, checks covering costs of repairs less Plaintiff's deductible, then [the jury] would find in favor of the Defendant." The trial court first gave the charge orally along with other jury instructions requested by counsel for both parties, later repeated the charge by itself in response to a jury request for clarification, and finally sent a copy of the charge to the jury room after a juror raised further questions.

Appellant, who had objected to the substance of the charge when first given and at the time of recharge, objected again, stating that exception to the charge was being renewed, "especially since the

charge has been sent out to the Jury room." While the objection lacks detail, we find it sufficient to raise appellant's objection to the charge going out with the jury.

On appeal, appellant does not claim error in the substance of the charge but only in sending the charge out with the jury. Appellant relies on two cases. In *Terry v. Buffington,* 11 Ga. 337, 345 (12) (1852), the practice condemned by the court was not the trial court's allowance of a copy of a charge going out with the jury, but its query in the presence of a juror as to whether counsel objected to the charge being sent out. The court noted that the preferable practice would have been to reiterate the charge orally for the jury rather than to have sent it out. The court in *Gholston v. Gholston,* 31 Ga. 625, 638 (11) (1860) held it was an "unsafe practice" to send out the entire written charge with the jury, even with precautionary instructions "not to read any part without reading the whole..." Nevertheless, the reversal in *Gholston* was not based on this alleged error.

In *Chattahoochee Brick v. Sullivan,* 86 Ga. 50, 67 (12 SE 216) (1890), no objection was made to sending the charge to the jury; however, the court termed the action at most "only an irregularity." In *Woodard v. State,* 91 Ga. App. 374 (2) (85 SE2d 723) (1955), the trial court wrote out its instructions and without reading them to the jury, had the charge carried into the jury room. The court viewed the procedure as "highly irregular" but based its final ruling on the lack of objection to the practice. In cases addressing the taking of notes by jurors, the courts have not considered the practice to be error absent special or unusual circumstances or unless unwarranted by the particular facts of the case. *Thomas v. State,* 90 Ga. 437 (16 SE 94) (1892); *Holcomb v. State,* 130 Ga. App. 154, 157 (4) (202 SE2d 529) (1973); *White v. State,* 137 Ga. App. 9 (1) (223 SE2d 24) (1975).

We have discovered only one case in which the presence of charges in the jury room was held reversible error. In *Planters Warehouse Co. v. McMekin,* 36 Ga. App. 219 (136 SE 104) (1926), all of the plaintiff's requested charges inexplicably found their way into the jury room after the jury had been instructed orally on charges from both parties, and the jury returned a verdict for the plaintiff. The plaintiff's requests to charge argued a particular definition of a term that was critical to the case, and the court found prejudice because when the definition was resolved as the plaintiff urged, a verdict for the plaintiff was "demanded."

In the instant case where only one of the defendant insurer's requests to charge went out to the jury, there was a decided risk of spotlighting the subject matter of the charge to the prejudice of the appellant. By their very nature, requests to charge are calculated to influence the jury in favor of the party drafting the request. However,

on examination of the charge in question, and after review of the entire record, we find that in the instant case sending the charge to the jury, although an irregular practice and not to be condoned, was harmless error. The charge, as written, did not have the effect of demanding a verdict for the defendant insurer and did not present an inaccurate statement of the law or of the factual issue to be decided by the jury.

2. INA filed a cross-appeal contending that the trial court erred in failing to direct a verdict in its favor on the issue of bad faith and attorney fees. In view of our decision in Division 1 affirming the jury verdict, it is unnecessary to address the issues raised by INA's cross-appeal.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 15, 1982 —
REHEARING DENIED JULY 29, 1982 IN CASE NO. 63689.

*W. Larue Boyce, Jr.,* for appellant.
*Arthur L. Myers, Jr., Wilbur Brooks,* for appellee.