### 63849. JOINER v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of three counts of simple assault, one count of criminal trespass, and one count of possession of a firearm by a convicted felon. He brings this appeal in an effort to have the judgments on all five counts set aside.

1. In his first enumeration of error, appellant raises the general grounds. The testimony adduced at trial showed that employees of the Georgia Welcome Center just inside the Georgia-South Carolina border became alarmed when appellant, with no apparent purpose, began making frequent visits to the center. The employees became so disturbed that they called the police who, acting at the behest of the center's manager, ordered appellant to leave the center and not return. When appellant ignored that order and returned to the welcome center, he terrified the three employees present by driving his car close to an automobile occupied by one of the victims and by violently shaking the locked glass doors of the center in an effort to gain entry. The evidence further showed that the firearm introduced at trial had been found in appellant's vehicle when he was arrested and that he was, in fact, a convicted felon. The evidence authorized a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the simple assault of three people, criminal trespass, and possession of a firearm by a convicted felon. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); Code Ann. §§ 26-1301, 1503, and 2914.

2. Appellant asserts that the trial court erred in limiting his cross-examination of Jackie Herrington, the manager of the welcome center. Using Ms. Herrington's testimony from a preliminary

hearing, counsel for appellant was attempting to impeach the witness on a crucial aspect of the criminal trespass charge, i.e., whether Ms. Herrington had authorized the police officer to act as her representative in giving notice to appellant that he was not to return to the center. See Code Ann. § 26-1503 (b)(2); *Perry v. State,* 139 Ga. App. 207 (1) (228 SE2d 195). The trial judge, in apparent confusion over the elements of the offense, terminated 'appellant's cross-examination of the witness.

Code Ann. § 38-1705 entitles a defendant to a thorough and sifting cross-examination of the witnesses called against him. "The purpose of cross-examination is to provide a searching test of the intelligence, memory, accuracy, and veracity of the witnesses, and it is better for cross-examination to be too free than too much restricted. [Cit.]" *Ledford v. State,* 89 Ga. App. 683 (1) (80 SE2d 828). Since the statute requires that before a person may be convicted of criminal trespass, notice that entry is forbidden must be given to the person by "the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant," whether Ms. Herrington delegated her authority as "rightful occupant" to the responding police officer was an important issue. The trial court acted incorrectly when it curtailed the attempts of appellant's counsel to impeach the witness by means of her apparent prior inconsistent statements on this issue, and appellant's criminal trespass conviction must therefore be reversed. See *Perry v. State,* supra.

3. Appellant next contends that one count of the indictment is fatally defective because it allegedly charged appellant with two separate and distinct offenses, possession of a pistol without a license and possession of a firearm by a convicted felon. Code Ann. § 26-2914. No such pre-trial objection to the indictment was voiced by appellant.

The substance of appellant's complaint concerning the indictment is one of form, not substance, and is therefore subject matter for a special demurrer. *Lampkin v. State,* 87 Ga. 516 (1) (13 SE 523); *Bramblett v. State,* 239 Ga. 336 (1) (236 SE2d 580). "All exceptions which go merely to the form of an indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." Code Ann § 27-1601. "Special demurrers not made at or before arraignment are waived." *Bramblett,* supra. Since no timely objection was raised as to the form of the indictment, any such objection has been waived and may not now be considered. See *State v. Eubanks,* 239 Ga. 483, 486 (238 SE2d 38).

4. In its instructions to the jury, the trial court charged the law

of the two offenses contained in one count of the indictment: possession of a pistol without a license (Code Ann. § 26-2903), a misdemeanor; and felonious possession of a firearm by a convicted felon (Code Ann. § 26-2914). Appellant argues that the charge on the felony was improper and prejudicial, and that the delivery of both charges was confusing to the jury. However, in light of the state's evidence of appellant's earlier felony conviction and the discovery of a gun in the glove compartment of appellant's truck, the jury charge on possession of a firearm by a convicted felon was authorized.

5. There is, however, merit to appellant's assertion that the trial court's inclusion of an instruction on possession of a firearm without a license was improper. Although the indictment charged appellant with that offense, no evidence regarding the offense was introduced at trial.

" 'The instructions of the court in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. (Cits.) Any instruction should stand upon a base founded in the evidence or the lack thereof. "It is also the general rule that instructions even though abstractly correct (as in the instant case), should not be given unless authorized by the evidence . . . and when such an unauthorized instruction is given, if it should be confusing or misleading to a jury, a new trial will be required." (Cits.)' . . . Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the evidence of record, we cannot say as a matter of law that the charge was neither confusing nor misleading. [Cit.]" *Stanley v. State,* 153 Ga. App. 42, 46-47 (264 SE2d 533). In the case at bar, the unauthorized instruction permitted the jury to find appellant guilty of a crime under a theory which was totally unsupported by the evidence in the record. Furthermore, the jury's verdict ("guilty on all five counts") does not specify the offense charged in Count 5 upon which appellant was convicted. It was the trial court, in the sentencing phase of the trial, that determined that appellant had been found guilty of the felony, possession of a firearm by a convicted felon, and sentenced him accordingly. The giving of the unauthorized instruction, coupled with the ambiguous verdict, requires reversal of appellant's felony conviction.

6. In his next enumeration of error, appellant asserts that the weapon found in his vehicle was illegally seized and therefore improperly admitted into evidence at trial. A hearing on appellant's motion to suppress was incorporated into the trial itself, and the trial court, after hearing evidence as to whether or not appellant gave the officers permission to search his pickup truck, denied appellant's motion, ostensibly finding that appellant had consented to the search.

" '[W]here there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order. [Cits].' " *State v. Swift*, 232 Ga. 535 (2) (207 SE2d 459). In light of the police officer's testimony, which supports the trial court's finding, the denial of appellant's motion to suppress must be upheld. *Rogers v. State*, 155 Ga. App. 685 (2) (272 SE2d 549).

7. In his final enumeration of error, appellant contends that error was committed when the trial court admitted evidence of appellant's prior felony conviction. As we have stated repeatedly, appellant was charged with possession of a firearm by a convicted felon. "[P]roof of the previous felony conviction was a necessary element of the State's proof under Code Ann. § 26-2914, and [the] introduction of evidence of that previous conviction during trial of the issue of guilt was not error." *Prather v. State*, 247 Ga. 789 (2) (279 SE2d 697). Appellant's enumeration is without merit.

*Judgment affirmed in part and reversed in part. Quillian, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 15, 1982.

*R. H. Reeves III, Thomas M. Odom,* for appellant.

*J. Lane Johnston, District Attorney, N. Jackson Cotney, Jr., Assistant District Attorney,* for appellee.