## 39556. BROOKS v. THE STATE.

MARSHALL, Presiding Justice.

The appellant, Jewell Lee Brooks, was convicted in the Troup Superior Court of murder, aggravated assault, and possession of a firearm by a convicted felon. He was sentenced to consecutive terms of life imprisonment, 10 years, and five years, respectively. These are the facts:

On the afternoon of July 5, 1982, the appellant's nephew, Carlton McCamey, and Marvin Bell got into a fight at the home of Mary Jean Bell. After the fight, there is testimony that the appellant appeared on the scene, brandished a .25-calibre pistol, pointed it at Marvin Bell, and clicked the pistol three times. However, a witness from the State Crime Laboratory testified that it was not possible for such a pistol to click three times.

Later that evening, the appellant was standing outside of a cafe talking to Albert Washington, Americus Ogletree, and Ernest Ogletree. Marvin Bell and his fiancee, Elaine Freeman, walked up. A gunfight broke out between Bell and the appellant. There is testimony that the gun used by Brooks was a .22-calibre pistol. Americus Ogletree was hit by the gunfire and fatally wounded. A bullet was taken from his chest, and there is testimony that the bullet was shot from a .25-calibre pistol. Marvin Bell was shot in the arm. Five .25-calibre spent cartridges were found on the sidewalk. After the gunfight, the appellant fled the scene. He gave his gun to his cousin, Robert Lee Brooks, to hide for him. Later that evening, he was treated for a gunshot wound in his arm.

Elaine Freeman testified that the appellant pulled his gun first, that a total of six or seven shots were fired, and that the appellant fired six of these shots.

Michael Hall, who was also standing in front of the cafe at the time of the shooting, testified that Bell approached the appellant, asked the appellant something, and before the appellant could respond, Bell started shooting.

Albert Washington testified that Bell walked by them, and then turned around and said, "You gonna be a smart son-of-bitch, I'm going to kill you. He had his gun out and started firing and Jule [sic] fired after he fired . . ."

Ernest Ogletree, the brother of the deceased, testified that before Bell appeared on the scene, the appellant told him that someone was looking for him and "so he said, if he is, I got something for him. He showed me his pistol, so he put it back in his pocket." After that, Bell walked up, saying, " 'Jule [sic], I told you I was gonna get you' or 'kill you' or something like that." Ogletree testified that Bell was standing with a pistol "down 'side him." Ogletree further testified that as Bell raised the pistol, Ogletree fell to the ground and he heard shooting "all over my head." He was asked who pulled the gun first, and he responded, "Nobody pulled no gun. Bell had his gun in his hand outside of him." When asked whether he could see which one shot first, Ogletree responded that he could not.

The appellant's defense was that he was acting in self-defense.

In a pre-trial statement to the police, the appellant stated that Bell pulled his gun and shot the appellant in the arm, and that he, the appellant, then pulled his gun and fired it at Bell six times. The appellant gave essentially the same testimony at trial.

The trial judge gave an extensive charge to the jury on self-defense, justification, as well as misfortune or accident. The trial judge also charged the jury on parties to a crime under OCGA § 16-2-20 (Code Ann. § 26-801). OCGA § 16-2-20 (a) states that, "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Under OCGA § 16-2-20 (b) (Code Ann. § 26-801), "A person is concerned in the commission of a crime only if he: (1) Directly commits the crime; (2) Intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity; (3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime."

There are two questions raised in this appeal:

(1) Is the evidence sufficient to support the verdict? Or, as stated in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), based upon the record evidence adduced at trial, was there sufficient evidence to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt?

(2) Did the trial judge err in charging the jury on parties to a crime, especially in view of the fact that Bell was not charged with murder or tried with the appellant?

1. Particularly in view of the fact that the evidence authorized the jury in finding that the appellant fired six shots, whereas Bell fired only one shot, we hold that a rational trier of fact was justified in finding the appellant guilty of the offenses charged beyond a reasonable doubt.

2. Thus, the evidence authorized the jury in finding that the appellant directly committed these offenses. OCGA § 16-2-20 (b) (1) (Code Ann. § 26-801). The portion of the trial judge's instructions to the jury under OCGA § 16-2-20 (b) (2), (b) (3), and (b) (4) (Code Ann. § 26-801) may have been erroneous. However, when the charge to the jury is viewed in its entirety, we find no prejudicial error. State v. DeGina, 256 SE2d 275 (N. C. App. 1979). "It is not usually cause for new trial that an entire Code section is given. *Ford v. State,* 232 Ga. 511, 517 (12) (207 SE2d 494) (1944). Accord, *Highland v. State,* 127 Ga. App. 518 (1) (194 SE2d 332) (1972). This is so even though a part of the charge may be inapplicable under the facts in evidence. *Highland,* supra, at p. 519. *Rowles v. State,* 143 Ga. App. 553, 557 (239 SE2d 164) (1977), cert. den. Accord, *Pippin v. State,* 205 Ga. 316 (9), 323 (53 SE2d 482) (1949)." *Keller v. State,* 245 Ga. 522 (1) (265 SE2d 813) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 1983.

*Mack Reynolds,* for appellant.
*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.