## 74144. McBURSE v. THE STATE.
(357 SE2d 144)

Benham, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by selling marijuana. OCGA §§ 16-13-20; 16-13-30 (j) (1). He now appeals from the denial of his motion for new trial. We affirm.

1. In his first and second enumerated errors, appellant challenges rulings made by the trial court during voir dire. The trial court refused to allow defense counsel to ask the venire whether any of the group believed "the State has a good cause simply because an indictment has been returned by the grand jury." Appellant's proffered question amounted to a prejudgment of the case and therefore was improper in a voir dire examination. *Baxter v. State*, 254 Ga. 538 (7) (331 SE2d 561) (1985).

2. During the voir dire examination, a venireperson stated: "I think if anybody's even suspected of marijuana or dealing with it in my opinion he's — as far as I'm concerned he's guilty until proved innocent instead of the other way around." When the venireperson admitted that his attitude would prevent him from serving as a fair and impartial juror, the trial court excused him. Appellant's counsel then challenged the array of jurors due to the excused juror's comment, which had been made in the presence of the other venirepersons. Appellant's counsel then asked the remaining prospective jurors if, having heard the excused juror's remark, any of them could not render a fair and impartial verdict. His question elicited no response. Relying on *Lingerfelt v. State*, 147 Ga. App. 371 (1) (249 SE2d 100) (1978), appellant now insists that the remark "brand[ed] him a criminal" and was so prejudicial that appellant's challenge to the array should have been allowed. However, unlike the statement in *Lingerfelt* (that the prospective juror in a sexual assault case knew people who said the defendant was a Peeping Tom), the juror's comment in the case at bar "did not link the defendant to other criminal

violations . . ." *Austin v. State*, 180 Ga. App. 226, 227 (348 SE2d 746) (1986). Furthermore, the record reflects that the remaining prospective jurors indicated they would not be affected by the remark. See *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724) (1985). The trial court did not abuse its discretion by failing to uphold appellant's challenge to the array.

3. Appellant was arrested and charged with the sale of marijuana to "an unwitting informant" who procured it on behalf of an undercover agent who witnessed the sale. On redirect examination of the undercover agent/witness, certified copies of the unwitting informant's guilty plea and sentence thereon were admitted into evidence without objection. Appellant now sees reversible error in their admission.

" 'In order to raise on appeal contentions concerning admissibility of evidence, "the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed." [Cits.]' " *Benjamin v. State*, 172 Ga. App. 3 (2) (321 SE2d 769) (1984).

4. Appellant next contends that the trial court erred in its recharge to the jury. The jury asked the court to distinguish the possession of marijuana from its sale. The trial court responded that appellant was accused of selling marijuana and then read OCGA § 16-13-30 (j) (1) to the jury. " 'It is not usually cause for new trial that an entire Code section is given . . . This is so even though a part of the charge may be inapplicable under the facts in evidence. [Cits.]' " *Brown v. State*, 159 Ga. App. 901 (3) (285 SE2d 552) (1981).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 30, 1987.

*Kenneth E. Lucas*, for appellant.
*James L. Wiggins, District Attorney*, for appellee.