A89A2147. DIAZ v. THE STATE.
(391 SE2d 140)

BIRDSONG, Judge.

Appellant, Jose Nicolas Diaz, appeals his judgment of conviction of aggravated assault with a deadly weapon and sentence. Appellant enumerates three errors each pertaining either to charges given the jury or to written requests for charges which the trial court declined to give. *Held*:

1. The trial court gave a patterned instruction on self-defense which virtually mirrored the provisions of OCGA § 16-3-21 (a) & (b). Appellant asserts that the trial court erred in giving this charge as it was not tailored and there was no evidence that appellant attempted to commit, committed or fled after the commission of a felony (other than the offense charged) or evidence that the parties engaged in

combat by agreement. We disagree.

This case is distinguishable from *Joiner v. State*, 163 Ga. App. 521 (295 SE2d 219), cited by appellant. We find the precedent of *Bagley v. State*, 153 Ga. App. 777 (266 SE2d 804) to be controlling.

In *Bagley*, supra, we held: " 'Even though not every phrase and portion of the Code section be applicable, it is generally held that a new trial will not be granted if the court gave in charge an entire statute or Code provision where a part thereof is applicable even though a part may be inapplicable under the facts in evidence.' [Cits.] Hence, it was not reversible error for the trial judge to give a charge on Code Ann. § 26-902 (b) [now OCGA § 16-3-21 (b)], parts of which were applicable to the factual situation, even though a portion thereof was not specifically pertinent."

2. The indictment averred that appellant committed aggravated assault by making an assault upon the named victim "with a knife, a deadly weapon." The trial court in the charge to the jury inter alia read the indictment and instructed the jury on the elements of assault.

Thereafter the trial court pertinently charged the jury as follows regarding aggravated assault: "A person commits aggravated assault when he assaults another person: with a deadly weapon *or with any object, device, or instrument which, when used offensively against a person, is likely to, or actually does, result in serious bodily injury. . . .* If after considering the testimony and evidence presented to you, together with the charge of the [c]ourt, you should find and believe beyond a reasonable doubt that the [d]efendant . . . did . . . make an assault on the person of [the victim] with the knife, a deadly weapon, you would be authorized to find the [d]efendant guilty." (Emphasis supplied.)

Appellant asserts that the trial court erred in charging the court in the above italicized words, as appellant was not charged in the indictment with committing aggravated assault with such an object, device, or instrument, and could not be convicted based on such a finding as it was incumbent on the State to prove that the aggravated assault was committed "with a knife, a deadly weapon."

The charge of which appellant complains appears to be substantially a recital of the provisions of OCGA § 16-5-21 (a) (2). As above discussed, it is not usually reversible error that an entire Code section or subsection is charged " ' "even though a part of the charge may be inapplicable under the facts in evidence." ' " *McBurse v. State*, 182 Ga. App. 759 (4) (357 SE2d 144); *Bagley*, supra. Examining the charge in toto as we are required to do when determining whether charging error has occurred (*Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)), we find that error did not occur. *Lumpkin v. State*, 249 Ga. 834 (295 SE2d 86), cited by appellant, is distinguishable from the

facts before us.

Moreover, as the jury was read the indictment and was subsequently instructed that they would be authorized to return a verdict of guilty if they found the assault on the person of the victim was made "with the knife, a deadly weapon," no fair risk of prejudice to appellant exists, it being highly probable the verdict was not the product of a misleading instruction. Compare *Walker v. State*, 172 Ga. App. 7 (2) (321 SE2d 772); *Brown v. State*, 159 Ga. App. 901 (3) (285 SE2d 552).

3. Appellant asserts that the trial court erred in failing to give his requested charges 19 and 20. The requested instructions defined circumstances under which an accused could be convicted of a lesser included offense and identified simple battery as a lesser included offense of the crime of aggravated assault, respectively.

Although the circumstances surrounding the incident were in contest, appellant made an admission in court that he had taken a knife from his pocket after the victim struck him and that the victim cut himself on the knife. The victim testified that appellant attacked and cut him with a "buck" knife which locks in place with a blade of four or six inches. He also testified that it was "a razor sharp knife." The victim's testimony concerning the type and sharpness of the knife was not controverted, although appellant did testify he used the knife at work to cut out frames and that it was "about that long (indicating)." As appellant's testimony fails to disclose on the record the length of his knife, that portion of the victim's testimony concerning this particular matter also remained uncontested. Likewise, it is uncontested that the victim's cut was caused by the knife.

Examining the trial transcript in its entirety, we find that the offense of simple battery was not reasonably raised by the evidence adduced at trial and was not in issue so as to require instructions. Compare *Cameron v. State*, 187 Ga. App. 562 (2) (370 SE2d 812); *Doss v. State*, 166 Ga. App. 361 (304 SE2d 484); *Guthrie v. State*, 147 Ga. App. 351 (2) (248 SE2d 714).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1990.

*John D. McCord III*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert E. Statham, Assistant District Attorneys*, for appellee.