A91A0136. ANDERSON v. THE STATE.
(405 SE2d 504)

CARLEY, Judge.

After a jury trial, appellant was found guilty of driving under the influence. He appeals from the judgment of conviction and sentence

entered by the trial court on the jury's verdict.

1. Although all of the provisions of OCGA § 40-6-391 (a) were not applicable, the trial court's jury charge nevertheless included an instruction on the entirety of that Code section. The giving of this charge is enumerated as error.

" ' "It is not usually cause for new trial that an entire Code section is given[.] . . . This is so even though a part of the charge may be inapplicable under the facts in evidence. (Cits.)" ' [Cit.]" *McBurse v. State*, 182 Ga. App. 759, 760 (4) (357 SE2d 144) (1987). In the instant case, "[w]e will neither impute . . . an adverse construction to the charge nor [infer an inability on the part] of the jury to select that portion of the statute obviously applicable to the facts and the issues presented for their determination." *Rowles v. State*, 143 Ga. App. 553, 557 (3) (239 SE2d 164) (1977). Accordingly, this enumeration is without merit.

2. In addition to the exhibits and the accusation, the jury was allowed to have a copy of the trial court's charge in its possession while deliberating. Appellant urges that, in allowing the jury to have a copy of the charge, the trial court committed procedural error.

The practice of allowing the jury to have a copy of the trial court's charge is "an irregular practice and not to be condoned. . . ." *Davis v. Ins. Co. of N. A.*, 163 Ga. App. 280, 282 (1) (294 SE2d 353) (1982). See also *Chattahoochee Brick Co. v. Sullivan*, 86 Ga. 50, 67 (6) (12 SE 216) (1890) ("irregularity"); *Gholston v. Gholston*, 31 Ga. 625, 638 (11) (1860) ("unsafe practice"); *Woodard v. State*, 91 Ga. App. 374 (2) (85 SE2d 723) (1955) ("highly irregular"). However, we cannot reach the ultimate issue of whether the trial court's allowance of this "irregular practice" mandates reversal of the judgment in the instant case. Although appellant preserved the right to enumerate error as to the substance of the trial court's charge, he did not preserve the right to enumerate as procedural error the trial court's submission to the jury of a copy of the charge. See *Chattahoochee Brick Co. v. Sullivan*, supra at 67 (6); *Woodard v. State*, supra at 374 (1, 2). Compare *Davis v. Ins. Co. of N. A.*, supra at 280 (1).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in Division 2 but, although I do not concur in Division 1, I concur in the affirmance of the conviction.

Because of the wording of the accusation, it was error to give OCGA § 40-6-391 (a) in its entirety. Two counts of the three-count accusation charged DUI crimes. Count 1 charged that Anderson did "operate a motor vehicle . . . while under the influence of intoxicating liquors, drugs. . . ." Count 2 charged that he did "operate a mo-

tor vehicle . . . while there was 0.12 percent or more by weight of alcohol in his blood. . . ." The court instructed the jury as to all four subsections. There was no evidence of drug influence, so a conviction under either subsection (2) or subsection (3) would be invalid as unsupported by the evidence.

The accusation went out with the jury, and it had difficulty dealing with the two counts. Among other questions it asked, "Why are there two counts of DUI?" The court responded: "I can't help you. You just should render separate verdicts on each Count." After further deliberation the jury asked: "Can the Judge explain the first Count to us again?" The response was: ". . . I'm sorry, I can't help you. The answer is no. You will have to go with the Charge and the evidence that you have."

The jury found defendant guilty on both counts. The court sentenced him on Count 1, the "liquors, drugs" count, and the sentencing form shows that a nolle prosequi order was entered on Count 2 (rightly or wrongly). The peculiarities of this case, that is, the wording of Count 1 and the evidence limited to alcohol intoxication, required an exclusion of subsections (2) and (3) from the jury instruction. " 'Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the evidence of record, we cannot say as a mater of law that the charge was neither confusing nor misleading. (Cit.)' " *Joiner v. State*, 163 Ga. App. 521, 523 (4) (295 SE2d 219) (1982).

The charge, coupled with the wording of Count 1, authorized the jury to find defendant guilty of driving under the influence of drugs or both alcohol ("liquor") and drugs. This would be reversible except for the fact that the jury also found defendant guilty of subsection (4) involving solely alcohol. This renders the error harmless despite the sentence's bottoming on Count 1, of which appellant does not complain.

DECIDED APRIL 1, 1991 —
REHEARING DENIED APRIL 29, 1991 — 

*Harrison & Harrison, Samuel H. Harrison*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Rosanna Musengo, Jeffrey P. Kwiatkowski, Assistant Solicitors*, for appellee.