## S91G1155. ANDERSON v. THE STATE.
#### (413 SE2d 732)

WELTNER, Presiding Justice.

We granted certiorari in this case, *Anderson v. State,* 199 Ga. App. 595 (405 SE2d 504) (1991), to consider two issues: the charge to the jury and the submission to the jury of written jury instructions.

1. The charge to the jury included all of the provisions of OCGA § 40-6-391 (a) (as did Count 1 of the accusation), although some of them were not applicable.[1] Anderson was convicted of Counts 1 and 2,

---

[1] (a) Count 1 of the accusation stated that Anderson operated a motor vehicle on a public road "while under the influence of intoxicating liquors, drugs to a degree rendering him incapable of safely driving a vehicle."

Count 2 stated that Anderson operated a motor vehicle on a public road "while there was a .12 percent or more by weight of alcohol in his blood."

Count 3 accused him of "following another motor vehicle more closely than is safe or lawful."

(b) The charge to the jury included the following:

This Defendant is charged with the offenses of driving under the influence and following too close. I charge you that a person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; (2) Under the influence of any drug to a degree which renders him incapable of driving safely;

and sentenced under Count 1.

(a) Our appellate courts often have held:

"It is not usually cause for new trial that an entire Code section is given . . . even though a part of the charge may be inapplicable under the facts in evidence." [Cits.] [*Jolley v. State*, 254 Ga. 624, 628 (331 SE2d 516) (1985).][2]

(b) However, the Court of Appeals also has held:

Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the evidence of record, we cannot say as a matter of law that the charge was neither confusing nor misleading. [*Stanley v. State*, 153 Ga. App. 42, 47 (264 SE2d 533) (1980).]

(c) The record in this case indicates that the jury was confused about the charge.[3] No remedial instruction was given, nor did the accusation clarify the charge.

2. Because "we cannot say as a matter of law that the charge was neither confusing nor misleading," we conclude that the trial court's charge in this case requires reversal.

3. The Court of Appeals, quoting *Davis v. Ins. Co. of N. A.*, 163 Ga. App. 280, 282 (1) (294 SE2d 353) (1982), suggests that the submission to the jury of written jury instructions is "an irregular practice and not to be condoned."

(a) Practices that have served adequately in former times may

---

(3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of driving safely; or (4) While there is a .12 percent or more by weight of alcohol in his blood.

(c) There was no evidence presented that Anderson was under the influence of any drugs; the blood test indicated a level of .22 percent of alcohol in his blood.

[2] See, e.g., *Brooks v. State*, 250 Ga. 739, 741 (300 SE2d 810) (1983) (charge viewed in its entirety and no prejudicial error); *Lumpkin v. State*, 249 Ga. 834 (2) (295 SE2d 86) (1982) (remedial instruction given); *Keller v. State*, 245 Ga. 522 (1) (265 SE2d 813) (1980) (erroneous charge was deemed beneficial to the defendant); *McBurse v. State*, 182 Ga. App. 759, 760 (357 SE2d 144) (1987) (erroneous instruction was given only on a recharge); *Brown v. State*, 159 Ga. App. 901, 902-903 (285 SE2d 552) (1981) (charge erroneous, but accusation correct and judge read accusation verbatim).

[3] During deliberations, the jury sent to the judge a series of questions, including these two:

(a) "Why are there two Counts of DUI?" The judge answered, "I can't help you. You should just render separate verdicts on each Count."

(b) "Can the Judge explain the first Count to us again?" This the judge answered by addressing the jury as follows:

Y'all had a note wanting to know if I could explain Count I of the accusation to you, and I'm sorry, I can't help you. The answer is no. You will have to go with the Charge and the evidence that you have.

not remain forever the best. In an age of expanding technology, complete and accurate written jury charges can be created within a few minutes.

In *Llewellyn v. State*, 241 Ga. 192, 195 (243 SE2d 853) (1978), we cited with approval a United States Court of Appeals decision:

> "But we think it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also be handed over to the jury. This course is required in some states, and is widely practiced. United States courts are free to follow it. *We see no good reason why the members of the jury should always be required to debate and rely upon their several recollections of what a judge said when proof of what he said is readily available.*" [Emphasis supplied.] [Citing *Copeland v. United States*, 152 F2d 769, 770 (D.C. Cir.) (cert. den. 328 U. S. 841 (66 SC 1010, 90 LE 1815) (1946)).]

(b) We do not wish that any beneficial trial process should be prohibited by an adherence to the mechanistic regimes of the past.

4. We agree with the Court of Appeals that the submission of written charges to the jury in this case is not cause for reversal.

*Judgment affirmed in part and reversed in part. Clarke, C. J., Benham and Fletcher, JJ., concur; Bell, J., concurs in the judgment only as to Divisions 1 and 2; Hunt, J., dissents as to Divisions 1 and 2 and the judgment.*

HUNT, Justice, concurring in part, dissenting in part.

I agree entirely with Divisions 3 and 4, but respectfully disagree that the court's instructions to the jury were so erroneous as to require a reversal.

DECIDED FEBRUARY 28, 1992.

*Harrison & Harrison, Samuel H. Harrison*, for appellant.
*Gerald N. Blaney, Jr., Solicitor*, for appellee.