## A94A0394. GENTRY v. THE STATE.
### (441 SE2d 249)

BIRDSONG, Presiding Judge.

Cynthia Denise Gentry was indicted for malice murder, felony murder and aggravated assault; she was found not guilty of malice murder, guilty of voluntary manslaughter (the lesser included offense of felony murder), and guilty of aggravated assault. The trial court merged Count 3 (aggravated assault) with Count 2 (voluntary manslaughter). *Held*:

1. Appellant's contention that the trial court erred by failing to reinstruct the jury on the duty to retreat when it recharged on self-defense is without merit. In order to correct a perceived charging deficiency, the jury was recalled immediately after they retired to commence deliberation and charged as to duty to retreat. Later when the jury sent a note asking, "does provocation matter in a charge of aggravated assault," the State and defense acquiesced to the recharging of the justification defense in its totality, including therein an instruction regarding the duty to retreat. At this time the court charged, inter alia: "If the circumstances are sufficient to excite the fears of a reasonable woman that a felonious assault is about to be made upon her, and the accused, who is free from blame, is acting under the influence of such fears, then she has no duty to retreat." Appellant has not enumerated as error any deficiency in the duty to retreat charges which were given.

Appellant has failed to provide an accurate page citation to the record in support of its claim that the jury requested a recharge as to the duty to retreat in conjunction with a request for a recharge on the theory of self-defense. We will not cull the record in search of error. *Talley v. State*, 200 Ga. App. 442, 446 (4) (408 SE2d 463). We have ascertained, however, that prior to posing the question regarding the relationship of justification to a voluntary manslaughter charge, the jury posed three other questions to the court, including: "Would self-defense fall under voluntary manslaughter." In the presence of the jury, the trial court repeated the question at issue and rephrased it, without objection from counsel, as "whether the defense of self-defense is part of your consideration for voluntary manslaughter." The trial court accurately answered the restated question and, after reminding the jury that they had already been instructed as to self-defense, invited them to inform the court if they wanted to hear that charge again. The jury did not make any subsequent request for a recharge either as to self-defense or as to duty to retreat. Moreover, the record fails to establish that the jury thereafter was confused as to either of these legal theories. Assuming without deciding that in certain instances a duty to recharge sua sponte might exist, under the circumstances here attendant, the trial court clearly was not required to give a sua sponte recharge. "It is within the trial court's discretion to determine the need, breadth, and formation of additional jury instructions, and the decision to give additional instructions which addressed only the jury's specific question is not an abuse of discretion." *Golden v. State*, 263 Ga. 521 (3) (436 SE2d 11). Abuse of discretion has not been shown.

2. Appellant asserts the trial court erred in denying her motion to dismiss based on the State's failure to disclose exculpatory evidence "pertaining to the presence of a knife within decedent's reach." Ap-

pellant argues in support of this enumeration that, although trial defense counsel filed several discovery motions, counsel was never told there was a knife on the dashboard of the car located within inches of the decedent and was never given access to exculpatory and pertinent evidence that would tend to support appellant's self-defense claim.

Examination of the record reveals that, contrary to appellant's contentions, her counsel was aware before trial of the photograph showing the shadowed presence of the knife on the car's dashboard inches away from where the victim was sitting; additionally, appellant was provided access to documents found to be exculpatory as a result of the trial court's in-camera inspection of the State's file. Appellant does not claim on appeal that the trial court erred by failing to make known to appellant all exculpatory material found in the State's file. Rather, the record reflects appellant was made aware of the existence and location of the knife, together with photographic evidence thereof and all related documentary materials, at least during trial. No reversible error exists as claimed by appellant. *Leary v. State*, 260 Ga. 730 (4) (399 SE2d 63). There can be no harm when the material for which pretrial disclosure is sought is known to or is in the possession of the defendant during trial. *Bromley v. State*, 259 Ga. 377 (2) (380 SE2d 694).

3. Appellant asserts the trial court erred in denying her mistrial motion after the State placed her character in issue by labeling her an alcoholic. In response to the prosecutor's cross-examination question whether the witness, an adult probation officer, must have known that decedent still had a drinking problem, the witness gave a partially non-responsive answer that both decedent and appellant were enrolled in an alcohol recovery program in which decedent enrolled himself and to which appellant elected to go as his wife. The prosecutor then asked if the witness "knew they were both alcoholics," and the witness replied, "I have never heard that." The witness was then asked if appellant had told him that she had been drinking the night of the incident, and replied that he did not remember the appellant stating what her condition was that night, but that she had stated the decedent had been drinking. Finally just before the witness was excused, the prosecutor asked the witness whether, when he saw the defendant last with her husband, it was obvious to the witness that appellant had quit drinking. The witness responded that the decedent looked happy and great and that both decedent and appellant admitted to being in a recovery group in therapy. Appellant elected not to pose either a timely objection or an immediate motion for mistrial following any of this colloquy, and did not pose a mistrial motion until after the witness had been excused and the jury had retired. During an out-of-court colloquy, appellant's counsel for the first time moved for a mistrial based on the following limited grounds: "I un-

derstand that if this case is ever reviewed, I made a tactical decision not to make a simultaneous motion, but that was because of the witness' negative response to the question. But at this time, out of the presence of the jury, I am going to motion for mistrial *based on the question* you knew that Mrs. Gentry was an alcoholic." (Emphasis supplied.)

Any claim of error in denial of the mistrial motion was waived. Appellant's counsel admitted on the record that for tactical purposes, he elected not to make a mistrial motion at the time the question was asked. "A motion for mistrial not made at the time the testimony objected to is given is not timely and will be considered as waived because of the delay in making it." *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841); accord *Anderson v. State*, 199 Ga. App. 559 (2) (405 SE2d 558); *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (waiver though motion made two questions later after jury removed). In this instance, numerous questions were posed and answers given between the time the specific question objected to was asked and the motion for mistrial ultimately made. Additionally, assuming the issue had been preserved for appellate review, we are satisfied that any error was harmless under the standards of *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

4. Appellant asserts the trial court erred by expanding the third count of the indictment of aggravated assault by use of a dangerous weapon to include assault with intent to murder.

Count 3 of the indictment of aggravated assault avers that the offense was committed against the victim, Dawson, "by shooting him with a pistol, a deadly weapon." The indictment contains no averment of the specific intent offense of aggravated assault with intent to murder. Nevertheless, the trial court initially charged the jury that an "aggravated assault occurs when that person assaults another person with the intent to murder *or* assaults another person with a deadly weapon." (Emphasis supplied.) Further, shortly before the jury returned its verdict, the trial court recharged the jury as to justification, the duty to retreat, and aggravated assault. Once again the trial court charged that a "person commits aggravated assault when that person assaults another person with the intent to murder *or* assaults another person with a deadly weapon." (Emphasis supplied.) No attempt was made by the trial court to tailor these aggravated assault charges so that the jury could understand how they applied to the differing charges of felony murder with aggravated assault by shooting with a pistol as the underlying felony (which arguably could be committed, as generally averred, either by shooting with intent to murder or by assault with a deadly weapon or both) and as to aggravated assault which was expressly averred to have been committed in one manner (by assault with a deadly weapon).

In determining the particular form of an offense of which an offender has been indicted, it is essential to examine the averments of the indictment, as contrary to the rules in civil cases, "indictments are not deemed amended to conform to the evidence." *Tuggle v. State*, 145 Ga. App. 603, 605 (2) (244 SE2d 131). Moreover, this court has recognized that if an indictment avers that an offense is committed in one particular way, the proof must so show it, or there will exist a fatal variance. *Ross v. State*, 195 Ga. App. 624 (1b) (394 SE2d 418); compare *Feagin v. State*, 198 Ga. App. 460, 461 (2) (402 SE2d 80). While normally reversible error mandating new trial will not occur merely by charging an offense in terms of all its statutory elements (*Diaz v. State*, 194 Ga. App. 577, 578 (1) (391 SE2d 140)), error can result from charging as to inapplicable statutory elements where the jury can be confused or misled into believing that they are authorized to reach a finding of guilty by a theory not supported by the evidence of record or by the scope of the averments in the indictment. See *Anderson v. State*, 262 Ga. 26 (1) (413 SE2d 732); cf. *Vaughan v. State*, 210 Ga. App. 381, 384 (4a) (436 SE2d 19).

Appellant was found not guilty of malice murder, not guilty of felony murder but guilty of voluntary manslaughter, and guilty of aggravated assault in Count 3. The trial court instructed the jury that an essential element of aggravated assault includes assault and defined the term. Qualified jurors under oath are presumed to follow the instructions of the trial court. *Harris v. State*, 202 Ga. App. 618, 620 (3c) (414 SE2d 919). Thus, to find appellant guilty of an aggravated assault, committed by any means, the jury had to find that appellant assaulted the victim; likewise, the jury per force had to reject appellant's justification and self-defense claims. At trial appellant testified that, during an argument, the victim reached for a knife; this terrified appellant who reached for her gun and slid out of the car. Appellant then made an admission in judicio that when she slid out of the car, she "aimed the gun at [the victim] and started shooting"; she shot twice. The next thing appellant remembered was "standing over [the victim], he was laying on the ground, and I raised my arm up, and I shot him again"; she does not know why she did that. Moreover, this testimony constituted an admission that appellant assaulted the decedent by shooting at him with a gun; that the gun was a deadly weapon is conclusively established by the death of the victim from the gunshot wounds. A simple assault becomes aggravated when it is perpetrated by use of a deadly weapon. See generally *Turner v. State*, 205 Ga. App. 745 (423 SE2d 439). We are satisfied beyond a reasonable doubt that in essence charging the entire statute pertaining to aggravated assault, without tailoring the charge to conform to the various averments, did not under the attendant circumstances contribute to the guilty verdict of aggravated assault as averred in Count 3. Thus

even if charging error had occurred it would have been harmless beyond a reasonable doubt. See *Gavin v. Vasquez*, 261 Ga. 568, 570 (407 SE2d 756). Additionally, by merging appellant's conviction of aggravated assault into the voluntary manslaughter conviction and sentencing appellant as a first offender, the trial court precluded the remotest possibility of actual prejudice to appellant flowing from the contested aggravated assault charge.

5. Contrary to appellant's claims of insufficiency of the evidence, we find the evidence sufficient to support her convictions of both offenses under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 1, 1994 —
RECONSIDERATION DENIED FEBRUARY 15, 1994.

*Venice R. Daley*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Shawn E. Lagrua, Assistant District Attorneys*, for appellee.