## A94A0724. CHANDLER v. THE STATE.
### (443 SE2d 679)

BIRDSONG, Presiding Judge.

Appellant Shelton B. Chandler and his co-defendant Anthony Lanier Williams were indicted for murder, felony murder, and aggravated assault for the shooting death of Derrick Dollar. Jointly tried before a jury, appellant was found guilty solely of the underlying felony of aggravated assault while Williams was found guilty of felony murder. Chandler appeals from the judgment of conviction entered by the trial court on the jury's verdict of guilt. *Held:*

1. The denial of appellant's written motion to sever the parties for trial is enumerated as error.

" 'When (jointly) indicted for a capital felony when the death penalty is waived, or for a felony less than capital, or for a misdemeanor, such defendants may be tried jointly or separately in the discretion of the trial court. [In any event, a jointly indicted defendant may testify for another jointly indicted defendant or on behalf of the State.]' OCGA § 17-8-4. In the exercise of [its] discretion, the trial court should consider the following: '1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? (Cit.)' [Cit.] To warrant reversal of a conviction for failure to sever for separate trials, a co-defendant 'must make a clear showing of prejudice and a consequent denial of due process.' [Cit.]" *Story v. State,* 194 Ga. App. 187 (1) (390 SE2d 96).

The relevant evidence against the two co-defendants was unambiguous and the law applicable thereto was straightforward. *Story v. State,* supra. There is no showing that relevant evidence admissible only against Williams had a fatal spillover effect, impermissibly branding appellant guilty by association. Compare *Crawford v. State,* 148 Ga. App. 523, 526 (251 SE2d 602). Although each defendant blamed the other for the shooting, the existence of "antagonistic de-

fenses does not of itself require severance. [Cits.]" *Kennedy v. State*, 253 Ga. 132, 135 (2) (317 SE2d 822). No prejudice amounting to a denial of appellant's due process protection is demonstrated by the circumstance that an accomplice, who is subject to cross-examination, takes the stand and blames the appellant or attributes to him a greater degree of culpability than the accomplice himself bears. *Durham v. State*, 240 Ga. 203 (1) (240 SE2d 14). See also *Everett v. State*, 238 Ga. 80, 81 (230 SE2d 882). The existence of antagonistic defenses here did not confuse the jury, since they acquitted appellant of all murder charges. *Abiff v. State*, 258 Ga. 137, 138 (5) (365 SE2d 427). The fact that appellant lost the right to open and close in closing arguments because the co-defendant submitted evidence is not a showing of prejudice amounting to a denial of due process. *Robinson v. State*, 164 Ga. App. 652, 656 (4) (297 SE2d 751). "Absent a showing that [the defendant] was in some way prejudiced by the refusal to sever, no abuse of discretion is demonstrated, and the trial court's ruling will be upheld. [Cits.]" *Gee v. State*, 261 Ga. 178, 179 (3) (402 SE2d 719).

2. The indictment charged appellant and Williams with assault with a deadly weapon, as proscribed by OCGA § 16-5-21 (a) (2). Appellant enumerates as error the trial court's jury instruction on aggravated assault, which recited the entire Code subsection.

"It has long been the rule that where the trial court's charge as a whole is an accurate statement of the law, it is generally not a good ground for a new trial that the charge includes a statement, one portion of which is applicable and one portion of which is inapplicable or not adjusted to the facts. [Cits.]" *Hightower v. State*, 210 Ga. App. 386, 388 (3) (436 SE2d 28). It is not cause for a new trial that an entire Code section is given even though part of the charge may be inapplicable to the facts of the case, unless the inapplicable instruction would authorize a finding of guilt unsupported by the evidence of record. *Anderson v. State*, 262 Ga. 26, 27 (1) (413 SE2d 732). Under the facts as presented in evidence, appellant's guilt was that of a party to the crime of assault with a deadly weapon, in that as the driver of a car appellant used that vehicle to block Derrick Dollar's attempted escape while Williams drew a bead on Dollar and shot him three times. The provisions of OCGA § 16-5-21 (a) (1) define aggravated assault in part as "assault with intent to murder, to rape, or to rob." While any reference to attempted rape or robbery certainly was extraneous, "we find it highly unlikely that the jury was misled by [this portion of] the charge, since the court also read the indictment to the jury verbatim in advising them of the offense of [assault with a deadly weapon] charged against appellant." *Brown v. State*, 159 Ga. App. 901, 903 (3) (285 SE2d 552). See also *Diaz v. State*, 194 Ga. App. 577, 579 (2) (391 SE2d 140). Instructions which, when the jury is

given credit for ordinary intelligence, are not confusing and prejudicial, are not reversible error. We will not impute an inability on the part of the jury to identify that portion of the instruction which was obviously applicable to the facts and issues presented. *Hightower v. State*, supra at 388 (3).

Judgment affirmed. *Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 18, 1994.

*Luana K. Walsh*, for appellant.

*Lewis R. Slaton*, District Attorney, *Penny A. Penn, Vivian D. Hoard*, Assistant District Attorneys, for appellee.