*Dunham McAllister,* amici curiae.

## 38717. McKENZIE v. THE STATE.

WELTNER, Justice.

Jimmy McKenzie was convicted for the murder of Mary Lou Standquist Schwab and sentenced to life imprisonment. His motion for a new trial was denied, and he appeals.

On the night of June 6, 1981, McKenzie met the victim at a nightclub in Cochran, Georgia. At about 11:30 p.m. McKenzie and the victim left the nightclub and went to a beer store, where McKenzie purchased an eight-pack of beer. McKenzie was on foot and the victim was on a bicycle. The pair then proceeded to a spot near the railroad tracks, where McKenzie asked the victim if she would have sex with him. Rebuffed, McKenzie became angry and pushed the victim off of the bicycle, knocking her unconscious. McKenzie later told investigating officers that he thought the victim was dead, although he admitted that he detected a slight pulse at the time. In an attempt to feign an accident, McKenzie placed the victim's body on the railroad tracks, knowing that a train would pass by that night. The victim was crushed by a train at about 2:15 a.m. on June 7. An expert testified at trial that, in his opinion, the victim was alive at the time that the train passed over her.

1. McKenzie contends that the trial court erred in allowing a witness for the State, G.B.I. agent Charles Dudley, to remain in the courtroom after the rule of sequestration had been invoked, and in allowing him to testify after other prosecution witnesses. The Assistant District Attorney informed the trial court, out of the presence of the jury, that Mr. Dudley was in effect the chief investigating officer in the case and that his assistance was necessary to an orderly presentation of the State's case. He also stated that to require Mr. Dudley to testify first would hinder the orderly presentation of the State's evidence. Based on these statements, the trial court did not require Mr. Dudley's sequestration. We find no abuse of discretion. *Hardy v. State,* 245 Ga. 272 (1) (264 SE2d 209) (1980).

2. McKenzie contends that the trial court erred in charging the jury on the issue of voluntary intoxication, alleging that at no point did he make an issue of his intoxication or suggest intoxication as a defense. In his statements to police officers, admitted at trial,

McKenzie acknowledged that he had been drinking heavily on the night in question. There was evidence that he had been drinking beer at the nightclub, and that he purchased more beer at a beer store prior to the killing. This enumeration is without merit. *Carter v. State,* 146 Ga. App. 322 (4) (246 SE2d 378) (1978).

3. McKenzie contends that the trial court erred in failing to charge the jury that it must return a special verdict concerning the voluntariness of his incriminating statement after receiving a specific request to charge concerning a jury determination of the character of the statement. After a Jackson-Denno hearing, the trial court determined that McKenzie was advised of his rights and that his statement was freely and voluntarily made. The jury was instructed thoroughly as to their consideration of the statement, and admonished to disregard it entirely unless they found that McKenzie knowingly waived his constitutional rights and that his statement was freely and voluntarily made. The procedure followed in this case complied in every respect with the requirements of Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). See *Batts v. State,* 238 Ga. 664 (235 SE2d 377) (1977) (Hill, J., concurring specially). McKenzie cites no authority for the proposition that the determination of the jury must be by special verdict, and this argument is without merit.

4. The evidence adduced by the State was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that McKenzie committed the crime of murder. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1982.

*Dennis Mullis,* for appellant.

*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.

