## 45275. MAPP v. THE STATE.
### (368 SE2d 511)

WELTNER, Justice.

Christopher Mapp instructed Lynn Jackson to shoot two persons. Jackson then shot and killed Helen Wierzalis with a handgun and wounded Rebecca Davis with the same weapon. Jackson and Mapp were indicted for murder and aggravated assault, and later were convicted of these crimes by a jury. Each was sentenced to life in prison for murder and twenty years in prison for aggravated assault.[1]

1. From the evidence, a rational trier of fact could have found

---

[1] The crimes were committed on December 21, 1986. Mapp was indicted on February 10, 1987. Mapp was found guilty and sentenced on June 22, 1987. Mapp filed his motion for new trial on July 21, 1987. His motion for new trial was denied on October 13, 1987. His notice of appeal was filed on November 10, 1987. The trial transcript was certified on August 11, 1987, and the appeal was docketed in this court on December 8, 1987. Mapp's appeal was submitted on March 15, 1988.

Mapp guilty beyond a reasonable doubt of the crimes for which he was indicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mapp contends the trial court committed error when it charged the jury: "[W]hen two or more persons are jointly indicted in the same offense, the conviction of one creates a presumption of guilt as to the other." Had the trial court so charged, it would be error. However, the record contains the following order:

> After consulting with the court reporter and trial counsel, and after reviewing the Court's charge and notes, the Court finds that the Court Reporter erred in reporting that portion concerning the conviction of co-defendants. . . .The Court charged that the conviction of one co-defendant does not create a presumption of guilt of the other co-defendant.

There is nothing in the record to contradict the statements of fact in the trial court's order, and we accept them as true. The trial court having complied with the provisions of OCGA § 5-6-41 pertaining to corrections of the transcript, there was no error.

3. Mapp contends the trial court erred by denying his motion for severance. However, we held in *Harrell v. State*, 253 Ga. 474, 475 (321 SE2d 739) (1984):

> It is within the discretion of the trial court to try defendants jointly or separately when two or more defendants are indicted for a capital felony in which the state does not seek the death penalty. OCGA § 17-8-4. Absent an abuse of discretion, denial of a motion to sever is not grounds for reversal.

The trial court did not err in refusing severance.

4. Mapp argues that it was error for the trial court to question the witness Davis concerning the sequence of shots, and concerning Mapp's remarks to Jackson just prior to the shots. He contends the questions constituted an expression of opinion by the trial court. There was no contemporaneous objection at the time the questions were asked. In *Spence v. State*, 252 Ga. 338, 343 (313 SE2d 475) (1984), we held:

> Assuming, arguendo, that [such] comments can be construed as an opinion as to the guilt of the accused, however, appellant's failure to preserve this issue for appeal makes it unnecessary for us to address the merits of this enumeration.

We do not consider this enumeration.

5. Mapp asserts that it was error to admit into evidence the statement he gave to police after his arrest. He testified that he gave the statement only after he was promised by a homicide detective that he would not be prosecuted. At the *Jackson-Denno* hearing, the detective testified that he made no promises to Mapp to induce him to give a statement. The trial court chose to believe the detective rather than Mapp and admitted the statement into evidence. In *Davis v. State*, 255 Ga. 598, 607 (340 SE2d 869) (1986) we held: " 'Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.' [Cit.]" There was no error.

6. A witness, the brother-in-law of the murder victim, was allowed to testify concerning telephone conversations of the victim, conducted in his presence, that concerned child support. The victim addressed the other party as "Chris." On cross-examination Mapp's attorney elicited from this witness the opinion that the other party was Mapp. Mapp objected to this testimony on the ground that a proper foundation had not been laid, as there was no proof that the victim had been talking to him. Later in the trial, however, the victim's sister gave virtually the same testimony, without objection. Accordingly, any error was harmless. *Gaskins v. State*, 250 Ga. 386, 389 (297 SE2d 729) (1982).

7. Shortly after a jury was selected and three questions were asked of the first witness, the trial court declared a mistrial. A second jury was selected. During cross-examination, a state's witness made reference to the "first trial." Mapp immediately made a motion for mistrial. The trial court denied the motion, and instructed the jury as follows:

> Ladies and gentlemen of the jury, I want you to completely disregard that part of the witness' last answer in which there was a pervious trial. There has been no previous trial. There has been no previous trial in this case. And I want you to completely dismiss that from your minds.

These curative instructions were sufficient. *Moore v. State*, 228 Ga. 662, 664-665 (187 SE2d 277) (1972).

8. The trial court did not err in charging, relative to implied malice, the language of OCGA § 16-5-1.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 3, 1988.

*Thomas P. Lenzer*, for appellant.
*Lewis R. Slaton*, District Attorney, *Carole E. Wall*, Assistant

District Attorney, Michael J. Bowers, Attorney General, Leonora Grant, for appellee.