S91A0140. GEE v. THE STATE.
S91A0141. HOLCOMB v. THE STATE.
(402 SE2d 719)

HUNT, Justice.

Wanda Gee and U. J. Holcomb were jointly tried by a jury and convicted of the malice murder, armed robbery, and aggravated assault of Ben Helton. Each was given consecutive life sentences for the murder and armed robbery convictions.* They appeal.

The defendants attacked the victim while he was driving a taxi-

---

* The crimes were committed on February 17, 1989, and the defendants were indicted by the Hall County Grand Jury on November 7, 1989, for the offenses of murder, aggravated assault, felony murder, armed robbery and robbery. They were jointly tried beginning April 24, 1990, and found guilty on April 28, 1990. Defendant Holcomb's notice of appeal was filed May 2, 1990 and defendant Gee's notice of appeal was filed May 11, 1990. The transcript was certified on September 18, 1990. The cases were docketed in this court on October 30, 1990 and submitted for decision on December 14, 1990.

cab they occupied. Defendant Holcomb held the victim from behind while defendant Gee stabbed him in the head with an ice pick. After finding nothing in the victim's wallet, defendant Gee took $14 from the victim's shirt pocket. The defendants then left the scene with Kathy Land, who had been in the taxicab with them. The victim died three days later as a result of one of the stab wounds to his head. At trial, the eyewitness, Kathy Land, testified extensively about the crimes. Also, a number of witnesses testified about defendant Gee's statements to them regarding her involvement in the crime.

1. We have reviewed the evidence in the light most favorable to the jury's determination, and conclude that a rational trier of fact could have found the defendants guilty of the crimes for which they were convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant Gee contends the trial court erred by charging the jury on voluntary intoxication because she made no issue of intoxication and did not suggest intoxication as a defense. However, there was ample evidence of her cocaine-intoxicated condition close to the time the victim was killed. She admitted at trial that on the day of the murder she had been using drugs "maybe every 15 or 20 minutes, 30 minutes." Accordingly, this enumeration is without merit. *McKenzie v. State*, 249 Ga. 582 (2) (292 SE2d 692) (1982).

3. Likewise, we find no merit to defendant Gee's contention that the trial court erred in refusing to grant her motion to sever. Absent a showing that she was in some way prejudiced by the refusal to sever, no abuse of discretion is demonstrated, and the trial court's ruling will be upheld. OCGA § 17-8-4; *Mapp v. State*, 258 Ga. 273, 274 (3) (368 SE2d 511) (1988); *Allen v. State*, 255 Ga. 513, 515 (1) (340 SE2d 187) (1986).

4. Defendant Holcomb contends the trial court erred by failing to grant his motion for directed verdict because the only evidence linking him to the crimes was based on the uncorroborated testimony of an accomplice, which is insufficient to sustain his convictions under OCGA § 24-4-8. His argument that the eyewitness to the crimes, Kathy Land, was an accomplice has no support in the record. Rather, it is clear that Land was in the taxicab with the defendants because she believed they were going to get the cocaine for which she had previously paid them. There was no evidence that Land was aware of any plan to harm, stab, kill, or rob anyone or that she aided, abetted, or was involved in any way (other than by her presence at the scene) in the crimes against the victim. Accordingly, Land was in no sense an accomplice to the crimes, and OCGA § 24-4-8 does not apply. *Kilgore v. State*, 251 Ga. 291, 294 (1a) (305 SE2d 82) (1983).

*Judgments affirmed in Case Nos. S91A0140 and S91A0141. All the Justices concur.*

DECIDED APRIL 11, 1991.

*Whitmer & Law, G. Hammond Law III,* for appellant (case no. S91A0140).
*Summer & Summer, Daniel A. Summer,* for appellant (case no. S91A0141).
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellee.