## S93A0294. HAYES v. THE STATE.
### (426 SE2d 557)

Clarke, Chief Justice.

Appellant Alfonzo Hayes was convicted of the malice murder of Cory Willis. Appellant's co-defendant, Bobby Joe Turner, was convicted of the felony murder of Willis. Both were sentenced to life imprisonment. Turner's conviction was affirmed on appeal. We affirmed appellant's conviction in part, but remanded the case to the trial court for a hearing on his claim of ineffective assistance of trial counsel. *Hayes v. State*, 261 Ga. 439 (405 SE2d 660) (1991). The trial court found that appellant received reasonably effective assistance of trial counsel within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), and denied his motion for new trial made on this ground. Appellant brings this appeal of the trial court's holding. We affirm.

To prove that he received ineffective assistance of trial counsel, appellant must show both that trial counsel's performance was deficient, and that this deficient performance so prejudiced his defense that, absent counsel's errors, there is a reasonable likelihood that the outcome of trial would have been different. Id. at pp. 687 and 696; *Gross v. State*, 262 Ga. 232 (416 SE2d 284) (1992); *Baxter v. Kemp*, 260 Ga. 184 (391 SE2d 754) (1990). Counsel's performance will not be determined to be deficient if it falls within the range of reasonably effective assistance. Id.

1. The appellant first argues that trial counsel was ineffective in that he offered evidence of appellant's good character, knowing that the appellant had a juvenile court record. Because of this, the court admitted the state's evidence of appellant's juvenile record. Appellant argues this evidence was damaging to his case.

The trial court's findings at the hearing on ineffective assistance are that, prior to trial, the appellant informed trial counsel that he had no past criminal record. When questioned, prior to trial, the state informed trial counsel that, so far as it knew, the defendant did not have a prior criminal record. The assistant district attorney maintained she had no knowledge of the appellant's criminal record at the time appellant's counsel made his request, but received this information later.

Trial counsel did not learn of the appellant's juvenile court record until the state cross-examined appellant's first character witness at trial. Trial counsel objected to the admission of this evidence on the ground that the state had not informed him of it after he had requested it. The trial court overruled this objection, and this court upheld the trial court's ruling on appeal. *Hayes*, supra, 261 Ga. at 445-446.

In finding that trial counsel was not ineffective in offering evi-

dence of good character, the trial court concluded that, considering the overwhelming evidence of appellant's guilt, there is not a reasonable likelihood that the verdict would have been different had there been no evidence offered of the appellant's juvenile record. We agree.

2. Six of appellant's allegations of ineffective assistance involve matters which were not raised by appellant's trial counsel, but which were raised by his co-defendant at trial and found to be without merit by this court on direct appeal. Appellant has not shown how the failure of his own counsel to raise these matters at trial prejudiced his defense.

3. With regard to the remaining allegations of ineffective assistance, the appellant has failed to show that he was prejudiced to the degree that it is likely the outcome of trial would have been different had certain actions not been taken, or certain choices not been made. Many of these allegations involve the choice of trial strategy. In assessing selection of trial tactics, "every effort [must] be made to eliminate the distorting effects of hindsight. . . ." *Strickland*, supra, 466 U. S. at 689. Additionally, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." as even "the best criminal defense attorneys would not defend a particular client the same way." Id.

We therefore affirm the trial court's holding that appellant has failed to meet his burden of showing he received ineffective assistance from trial counsel.

*Judgment affirmed. Hunt, P. J., Benham, Fletcher, Sear-Collins and Hunstein, JJ., concur.*

DECIDED MARCH 8, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993.

*Megan C. DeVorsey, Venice R. Daley,* for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.