## S95A1559. JOHNSON v. THE STATE.
(467 SE2d 542)

HUNSTEIN, Justice.

James K. Johnson was convicted of malice murder, aggravated assault and possession of a firearm during the commission of a crime. He was sentenced to life imprisonment for the murder and given a consecutive five-year sentence for the possession count. The aggravated assault conviction was merged with the malice murder conviction.[1] He appeals.

---

[1] The crimes occurred on March 14, 1994. Appellant was indicted on May 20, 1994 and convicted on November 4, 1994 following a jury trial. Appellant's motion for a new trial was filed November 23, 1994, amended March 5, 1995 and denied June 15, 1995. His appeal was docketed in this Court on June 30, 1995 and orally argued on September 11, 1995.

The evidence at trial showed that appellant and the victim, John LeCroy, lived on adjacent tracts of land in rural Floyd County. In December 1993, appellant purchased a small parcel of land at a tax sale which had previously belonged to LeCroy. LeCroy continued to maintain that the parcel rightfully belonged to him, but was unable to obtain funds to repurchase the parcel when appellant offered to sell the parcel back to him. Several weeks prior to the shooting, appellant erected a fence to separate the disputed parcel from LeCroy's land. LeCroy was angered by the fence. On the evening of March 14, 1994, LeCroy, who had been drinking, ran back and forth along the fence, shouting obscenities and threatening to kill appellant. Appellant went to LeCroy's property to confront him; as appellant stood in the road, LeCroy approached him with his fists clenched and raised. When LeCroy was within six-eight feet of appellant, appellant produced a gun and shot LeCroy three times. Although LeCroy had yelled that he would kill appellant, that he would cut off appellant's head, and one witness testified that she observed a gun in LeCroy's hand, no gun or knife was observed by other eyewitnesses to the shooting or found on or near his body. Appellant admitted shooting LeCroy, but claimed it was in self-defense.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Johnson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant amended his motion for a new trial to claim that his trial counsel had been ineffective. Appellant now contends that the court erred in concluding, after an evidentiary hearing, that appellant had not made the showings required by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), as adopted by this Court in *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985), in that his counsel's performance fell below an objective standard of reasonableness and thereby prejudiced his defense. Specifically, appellant asserts that his counsel was ineffective in that he was unaware of the circumstances under which prior acts of violence by a victim against third parties are admissible in evidence and failed to comply with the notice requirements of Uniform Superior Court Rules 31.1 and 31.6 (specific acts of violence by the victim against third persons may be admitted, but only upon at least ten days notice to the trial court in advance of trial)[2] and in certain other respects. As to this ground of appellant's ineffectiveness claim we agree with his argument and we

---

[2] See *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991).

reverse.[3]

It is uncontroverted that counsel failed to meet the USCR 31.6 notice requirements for the admission of specific acts of violence by the victim. At the hearing on appellant's new trial motion, appellant's trial counsel testified he knew before trial of evidence of acts of violence by the victim toward third parties.[4] He concluded, however, that certain of the acts would not be admissible because appellant had been unaware of them or they were either too remote in time to the crime charged or too dissimilar. He also testified that he believed such evidence would have been cumulative of testimony by numerous State's witnesses.

In its order denying appellant's motion for a new trial, the trial court found that appellant's evidence of specific violent acts was cumulative of testimony by State's witnesses and that counsel's failure to introduce such evidence and to call character witnesses on appellant's behalf was acceptable trial strategy. Because the trial court concluded that appellant had not met the first prong of *Strickland*, it did not consider whether counsel's performance prejudiced appellant's defense.

Counsel's decision not to introduce specific acts of violence by the victim based on his belief that they were inadmissible because unknown to appellant was clearly erroneous. *Marks v. State*, 210 Ga. App. 281 (1) (435 SE2d 703) (1993); *Lolley v. State*, 259 Ga. 605 (385 SE2d 285) (1989) (Weltner, J., concurring specially). Counsel testified that certain other acts of violence of which he had knowledge he regarded as cumulative of State's evidence which established LeCroy as a drunkard and troublemaker who threatened people. Regardless of counsel's pretrial assessment of what the State's witnesses' testimony would show, counsel's failure to give Rule 31.6 notice is indefensible. Even if counsel had been correct in his evaluation of the anticipated testimony (and we do not agree that he was), had those witnesses tes-

---

[3] Appellant also claimed his trial counsel was ineffective in failing to call witnesses to testify to his good character, in failing to advise him of his constitutional right to testify and in refusing to allow him to testify in his own defense. While we might regard trial counsel's decision not to call character witnesses on appellant's behalf as ill-advised and based on an evaluation of the evidence which hindsight shows to be incorrect, we nevertheless regard that decision as being a matter of trial strategy, which, even if erroneous, does not itself constitute a denial of effective assistance of counsel. See *Stewart v. State*, 263 Ga. 843 (6) (440 SE2d 452) (1994); *Powell v. State*, 198 Ga. App. 509 (402 SE2d 108) (1991). Likewise, we find no merit to appellant's third ground of his ineffectiveness claim. In view of our decision in *Barron v. State*, 264 Ga. 865 (452 SE2d 504) (1995), the circumstances underlying appellant's claim will not recur at retrial.

[4] The transcript of the hearing on appellant's new trial motion established that there were at least three witnesses who had been interviewed by trial counsel, had related previous acts of violence by LeCroy toward them, and were available to testify at trial. Two of these witnesses testified at the hearing as to these acts of violence. Compare *Goodwin v. Cruz-Padillo*, 265 Ga. 614 (458 SE2d 623) (1995).

tified other than as expected, counsel could not have introduced the evidence which would have lent credibility to appellant's sole defense of justification. Counsel was clearly unprepared to defend appellant. See *Hawes v. State*, 240 Ga. 327 (1) (240 SE2d 833) (1977); *Moss v. State*, 216 Ga. App. 711 (5) (455 SE2d 411) (1995).

Counsel's legal error compels us to conclude that appellant has "overcome the strong presumption that counsel's conduct [fell] within the broad range of reasonable professional conduct. [Cit.]" *Roberts v. State*, 263 Ga. 807, 808 (2) (439 SE2d 911) (1994). Appellant has thus satisfied the first showing required by *Strickland. Cochran v. State*, 262 Ga. 106 (2) (414 SE2d 211) (1992); *Pearson v. State*, 216 Ga. App. 333 (454 SE2d 205) (1995).

This conclusion alone is insufficient, however, to afford appellant a new trial. He must also demonstrate that there is a reasonable probability that the outcome of his trial would have been different, but for the substandard performance of his counsel. *Strickland*, supra; *Hayes v. State*, 263 Ga. 15 (426 SE2d 557) (1993). Although the jury heard evidence that, just prior to his death, the victim was drunk, enraged and threatening to kill appellant with a knife or gun, all but one of those witnesses also testified that they saw nothing in the victim's hands. There was no testimony regarding the victim's propensity toward violence; our review of the record fails to confirm counsel's determination that evidence of specific prior acts would have been cumulative. Those witnesses whom counsel chose not to call would have testified to specific occasions when the victim had shot at or otherwise assaulted others or threatened them with weapons. "If there was doubt as to admissibility of [prior acts] evidence, it was better admitted and its weight and credibility left to the jury." *Ochle v. State*, 218 Ga. App. 69, 73 (5) (459 SE2d 560) (1995). In this case, the trial court never had occasion to rule on the admissibility of the evidence; counsel's preemptive conclusion that it would not be necessary to comply with USCR 31.1 and 31.6 precluded any re-evaluation on his part of the cumulative nature of the available testimony. In view of appellant's justification defense, we conclude that appellant has shown a reasonable probability that his trial might have resulted in conviction of a lesser offense, if not of acquittal, had the jury heard those witnesses.

Our standard of review of a trial court's determination with respect to effectiveness of counsel is whether its findings are clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). Our review of the record in this case leads us to conclude that the trial court's findings with regard to appellant's claim of ineffective assistance of counsel were clearly erroneous and that appellant is entitled to a new trial.

3. Appellant contends that it was error to allow a police officer to

give his opinion that appellant's statement to the effect "Well . . . you know a man can just take so much," referred to LeCroy. Inasmuch as the officer was not opining on the ultimate issue of fact and the jury was free to conclude that the officer was incorrect, this enumeration presents no grounds for reversal. See *Fordham v. State,* 254 Ga. 59 (4) (325 SE2d 755) (1985).

4. Appellant next challenges the use of LeCroy's statement to his wife regarding a threat made to LeCroy by appellant. Her statement to the investigator about what LeCroy had told her was properly admitted under the necessity exception. OCGA § 24-3-1 (b); *Hayes v. State,* 265 Ga. 1 (3) (453 SE2d 11) (1995). Because the prerequisite elements of necessity and trustworthiness were shown, this enumeration presents nothing for review. See *Mallory v. State,* 261 Ga. 625 (2) (409 SE2d 839) (1991).

5. Contrary to appellant's contention, the charge to the jury, read in its entirety, adequately covered the defense of justification and the State's burden of proof with regard thereto. *Coleman v. State,* 264 Ga. 253 (3) (443 SE2d 626) (1994).

6. There was no error in admitting testimony regarding ownership of the disputed parcel inasmuch as this evidence was not the sort of "prior acts" contemplated by USCR 31.1. See *Barrett v. State,* 263 Ga. 533 (2) (436 SE2d 480) (1993).

7. Nor do we find any merit in appellant's contention that the trial court erred in refusing to permit his physician to testify as an expert as to appellant's psychological makeup and his state of mind at the time of the shooting. The transcript reveals that the defense failed to pursue testimony from its expert with regard to his state of mind at the time of the shooting even though the prosecution affirmatively stated it had no objection to this testimony.

8. Appellant's final argument that the trial court erred when it sustained the State's objection to appellant's wife's testimony regarding his mental depression is without merit. Appellant acknowledged at trial that he was not asserting an insanity defense or any defense based upon depression. See OCGA § 24-2-1. Moreover, we are precluded from reviewing his assertion, raised for the first time on appeal, that his alleged depression is analogous to the "battered women's syndrome."

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

DECIDED MARCH 11, 1996.

*C. Ronald Patton,* for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V.*

*Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General,* for appellee.