S00A0084. SUGGS v. THE STATE.
(526 SE2d 347)

FLETCHER, Presiding Justice.

A jury convicted Stephon Suggs of the murder of Richard Rackley and of armed robbery, theft by taking of a motor vehicle, concealing the death of another, and theft by taking.[1] Suggs contends

---

[1] The killing occurred on September 20, 1995, and the victim's remains were found on July 1, 1997. Suggs was indicted on October 15, 1997. A jury found him guilty and the trial court sentenced him to life imprisonment and 40 years consecutive imprisonment on July

that there was insufficient evidence of murder, the trial court erred in several evidentiary rulings, and trial counsel was ineffective. Because there was sufficient evidence for the jury to find Suggs guilty of malice murder, the trial court did not err in its evidentiary rulings, and trial counsel was not ineffective, we affirm.

1. The evidence presented at trial shows that Suggs worked as foreman for Rackley's construction company and owed Rackley $8,200. The two men were discussing the payroll in Suggs' trailer when Suggs hit Rackley on the back of the head with a board. Suggs' wife, Marie Keith, saw her husband wipe off the steering wheel and door handles of Rackley's car before abandoning it. Other witnesses testified that Rackley had cashed a check for $800 that day and Suggs paid $500 to an employee that evening. Rackley's remains were found twenty months later wrapped in a blanket that belonged to Suggs' stepdaughter. His skull was fractured; cords and loops found with his body indicated that his hands had been tied behind his back, his ankles had been tied together and pulled towards his buttocks, and a cord had been wrapped around his neck. The pathologist testified that Rackley died from a blow to his head or from strangulation. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Suggs guilty of the crime charged.[2]

2. Suggs moved to suppress evidence that he stole power tools and lawn equipment from Rackley, pawned them after Rackley disappeared, and had entered a plea of guilty to theft by conversion. Suggs contends that the evidence was improper character evidence and the state did not follow the necessary procedural requirements.

(a) In *Wall v. State*,[3] we held that a pre-trial hearing was no longer required on evidence of prior difficulties between the victim and the accused. Since the challenged evidence in this case concerns the relationship between the victim and Suggs, the procedural requirements of Uniform Superior Court Rule 31.3 do not apply.

(b) To be admissible, the evidence of prior difficulties must be relevant to prove a material issue in dispute.[4] A key issue in dispute at Suggs' trial was his motive; his trial counsel argued that Suggs

---

16, 1998. Suggs initially filed a notice of appeal on July 29, 1998, but the appeal was removed from the docket for failure to file briefs and remanded to the superior court on May 7, 1999. Suggs filed a motion for new trial and motion for out-of-time appeal on July 7, 1999. The trial court denied the motion for new trial and granted the motion for out-of-time appeal on August 11, 1999. Suggs filed a second notice of appeal on September 9, 1999. The case was docketed on September 27, 1999, and submitted for decision without oral arguments on November 22, 1999.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 269 Ga. 506, 509 (500 SE2d 904) (1998).

[4] See *Wall*, 269 Ga. at 508.

had no reason to kill Rackley, who had acted as a "sugar daddy" by loaning him money and giving him what he wanted. The evidence that Rackley suspected Suggs of stealing his power tools and had told a police officer several days before he disappeared that he would try to get his foreman to bring the tools back was relevant to prove Suggs' motive. In addition, the probative value of the evidence outweighed its prejudicial effect. The state presented the evidence for the legitimate purpose of proving that Suggs did have a motive for killing Rackley, the report of the theft occurred during the same month as Rackley's disappearance, and Rackley's conversation with the police officer was corroborated by several pieces of physical evidence.

3. At trial, a police officer violated the rule of sequestration by talking with three witnesses outside the courtroom about the date that they last saw Rackley at church. A violation of the rule of sequestration goes to the credibility of the witness's testimony rather than its admissibility.[5] The remedy is for the court to admit the evidence of the violation and then charge the jury that it should consider the violation in determining the weight and credit to be given the witness's testimony.[6]

During his testimony, the officer admitted that he discussed the evidence with defense witnesses prior to their testimony. Defense counsel cross-examined the officer thoroughly about his violation, questioned the three church members about the conversation and its effect on their testimony, and argued to the jury that the officer had tainted the witnesses. Because the jury was fully informed about the officer's violation of the rule of sequestration and was able to consider it in assessing his credibility and the defendant never requested a jury charge on the violation, the trial court's failure to give a specific charge on the officer's credibility is not grounds for a reversal.

4. To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[7] In *Strickland v. Washington*, the U. S. Supreme Court stated that the question of ineffectiveness, including both the performance and prejudice prongs, is a mixed question of law and fact. Thus, under federal law a trial court's determination on the effectiveness of counsel — whether by a state court, a federal district court, or a federal habeas court — is a mixed question subject to independent review by the appellate court.[8]

---

[5] *Johnson v. State*, 258 Ga. 856, 857 (376 SE2d 356) (1989).

[6] Id. at 857-858.

[7] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] See Steven Alan Childress & Martha S. Davis, 2 Federal Standards of Review § 12.09 (3d ed. 1999).

The same standard of appellate review applies in our state. Although many of our cases state that we review a trial court's ruling on the effectiveness of trial counsel under a clearly erroneous standard, we also have stated that the issue is a mixed question of law and fact.[9] Under the latter standard, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[10] To the extent that some of our cases on direct appeal confuse the standard of review, we want to clarify that the clearly erroneous standard applies solely to the trial court's factual findings and that we owe no deference to the trial court's legal conclusions.

In this case, trial counsel did not perform deficiently in preparing for trial, declining to call a fourth church member as a witness, and making closing arguments at trial. Even if trial counsel were deficient in failing to request a specific jury instruction on the credibility of the police officer for violating the rule of sequestration, Suggs has not shown how that deficient performance prejudiced him. The officer's violation concerned evidence about the day that Rackley disappeared, which was not the critical issue at trial. Assuming that Rackley disappeared two days later, as the defendant suggested, that change would have left unaffected all the testimony and physical evidence linking Suggs to the crimes.

5. Finally, the trial court properly admitted the motel receipt that was identified by the witness who signed it; the other contested evidence was properly admitted because it was relevant to the issues of the defendant's motive, the victim's disappearance, and the relationship between the two men.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 14, 2000.

*Gerald B. Williams*, for appellant.
*Kenneth B. Hodges III, District Attorney, Thurbert E. Baker,*

---

[9] Compare *Kelly v. State*, 267 Ga. 252, 253 (477 SE2d 110) (1996) ("A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous") with *Lajara v. State*, 263 Ga. 438 (435 SE2d 600) (1993) (" '(B)oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact' "); see also *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996) ("Our standard of review of a trial court's determination with respect to effectiveness of counsel is whether its findings are clearly erroneous").

[10] See *Zant v. Means*, 271 Ga. 711 (522 SE2d 449) (1999); *Turpin v. Lipham*, 270 Ga. 208, 211 (510 SE2d 32) (1998); *Turpin v. Mobley*, 269 Ga. 635, 639 (502 SE2d 458) (1998).

*Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.