## S01A1292. CALLENDAR v. THE STATE.
### (561 SE2d 113)

THOMPSON, Justice.

Defendant Brent Callendar was convicted of felony murder, two counts of aggravated assault, and two counts of criminal damage to property, in connection with a shootout at a package store.[1] He appeals, asserting, inter alia, that the trial court should have severed his trial from that of his co-defendant, Sylvester Montgomery, who was acquitted. We find no error and affirm.

1. Viewing the evidence in a light to uphold the verdict, we find the following: When Callendar and Makia Hopkins went to a package store, several men standing outside of the store commented on Hopkins' looks. Angered, Callendar left with Hopkins; they went to a friend's apartment where Callendar asked for, and was given, a pistol. Joined by Montgomery, who carried an assault rifle, Callendar and Hopkins returned to the store in a vehicle which Callendar had been driving. Callendar "whipped" into a parking space; then he and Montgomery got out of the vehicle, brandishing their weapons. The men in front of the store started to run. Callendar called out, "Why are y'all disrespecting my girl?" Then Callendar and Montgomery started shooting. Two men ran across the street; one of them, Laderrius Harper, was shot; he died of his wounds 14 months later. Another bullet pierced an automobile.

Before leaving the scene, Callendar approached a woman who was screaming as she sat in a car. He slammed the handgun against the windshield of the car and shattered it. Then he and Montgomery returned to the vehicle in which they came. They drove off with Hopkins.

The evidence was sufficient to enable any rational trier of fact to find Callendar guilty beyond a reasonable doubt of the crimes for which he was convicted. That Montgomery may have fired the shot which hit Harper is of no consequence because the evidence demonstrated that Callendar and Montgomery acted in concert. *Royal v. State*, 266 Ga. 165, 166 (1) (465 SE2d 662) (1996); *Arrington v. State*, 244 Ga. App. 529, 531 (536 SE2d 212) (2000).

---

[1] The crimes occurred on May 31, 1997. Callendar was charged with the felony murder of Laderrius Harper, the aggravated assault of both Harper and Maurice Cherry, criminal damage in the first degree with regard to the property of Franklin Bolton, and criminal damage in the second degree with regard to the property of Nicole Felton. Trial commenced on April 26, 1999, and the jury returned its verdict on April 30, finding Callendar guilty on all counts. The trial court sentenced Callendar to life in prison for the felony murder of Harper, ten years consecutive for the aggravated assault of Cherry, one year concurrent for criminal damage in the first degree and twelve months concurrent for criminal damage in the second degree. Callendar's timely filed motion for a new trial was denied on March 27, 2001, and Callendar filed a notice of appeal on April 20, 2001. The case was docketed in this Court on May 23, 2001, and orally argued on September 17, 2001.

2. Callendar asserts the trial court erred in failing to order that he and Montgomery be tried separately. This assertion is predicated upon the fact that, when Callendar testified, Montgomery's counsel asked Callendar why he did not volunteer any information about the shootout until the police contacted him, more than a year later. We find no error.

Pretermitting the question of whether counsel for one defendant can comment on another defendant's exercise of the right to remain silent prior to his arrest,[2] we note first that Callendar did not object or move for a severance in response to Montgomery's counsel's questions. In fact, he did not move to sever until later in the trial.[3]

It was not incumbent upon the trial court to order a severance sua sponte. *Worley v. State*, 237 Ga. 521 (1) (228 SE2d 895) (1976); *Bishop v. State*, 223 Ga. App. 285 (477 SE2d 422) (1996). And it cannot be said that the trial court abused its discretion in denying the motion to sever. After all, Callendar failed to make a clear showing of prejudice and a denial of due process protection. *Gee v. State*, 261 Ga. 178, 179 (3) (402 SE2d 719) (1991); *Burgan v. State*, 258 Ga. 512, 516 (8) (371 SE2d 854) (1988).

The mere fact that Montgomery tried to pin the blame on Callendar was not sufficient in itself to show a denial of due process. *Cain v. State* 235 Ga. 128, 129 (218 SE2d 856) (1975); *Chandler v. State*, 213 Ga. App. 46 (1) (443 SE2d 679) (1994). Moreover, with only two defendants, there was virtually no likelihood that the jury would confuse the evidence or the law, or that the evidence against one defendant would be considered against the other. See *Linares v. State*, 266 Ga. 812, 815 (4) (471 SE2d 208) (1996).

3. Callendar claims his trial counsel, Phillip Hancock, was ineffective in numerous respects: (a) failing to file a motion to sever; (b) failing to move for a mistrial when Montgomery's counsel commented on Callendar's failure to come forward; (c) failing to present a theory of defense in the opening statement, and promising evidence in that statement that was not produced; (d) failing to prepare adequately for trial; and (e) failing to request jury instructions on alternative defenses. In reviewing these claims, we give deference to the trial court's factual findings, which are to be upheld on appeal unless clearly erroneous; however, we give no such deference to the trial court's legal conclusions. *Suggs v. State*, 272 Ga. 85, 88 (526 SE2d 347) (2000). Giving the trial court's factual findings the deference

---

[2] See *Chapman v. State*, 263 Ga. 393 (1) (435 SE2d 202) (1993), citing *Mallory v. State*, 261 Ga. 625, 629 (5) (409 SE2d 839) (1991); *Graham v. State*, 156 Ga. App. 538, 539 (2) (275 SE2d 114) (1980).

[3] Between the time that Callendar was cross-examined and his counsel moved to sever, four witnesses took the stand and testified.

they are due, we conclude that Hancock did not render ineffective assistance of counsel.

(a) Hancock testified that he did not move to sever the trial because he believed that it would be better for Callendar to be tried along with Montgomery, who, it appeared, "actually did the shooting . . . and killed [the victim]." With the benefit of hindsight, it would appear that this strategy may have backfired. But that is not to say that it was ineffective.

> Informed strategic decisions do not amount to inadequacy under *Strickland*. [Cit.] "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel."

*DeYoung v. State*, 268 Ga. 780, 785-786 (5) (493 SE2d 157) (1997).

(b) Callendar asserts Hancock was ineffective because he failed to object or move for a mistrial when Montgomery's counsel questioned Callendar as to when he spoke to the police, and commented upon his refusal to come forward. We disagree.

"The standard for determining ineffective assistance of counsel is whether trial counsel's performance was deficient and, if so, whether the deficient performance prejudiced the defense." *Woods v. State*, 271 Ga. 452, 453 (2) (519 SE2d 918) (1999), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Even if it can be said that Hancock's failure to preserve this issue for appeal constituted deficient performance, Callendar cannot demonstrate that he was prejudiced. The evidence against Callendar was overwhelming and it is highly unlikely that he would have been acquitted in the absence of Montgomery's counsel's questions and comments. See *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).

(c) Hancock did present a theory of defense in his opening statement. He told the jurors that Callendar did not participate in the shooting; that he was surprised – and actually hid – when shots were fired; and that he did not fire his weapon.

Hancock also told the jurors that he believed the evidence would show that the victim did not die from his wounds. At the hearing on the motion for a new trial, Hancock testified that he had hoped to present expert testimony on that point, but he was unable to do so. Even if Hancock's performance was deficient in this regard, it did not affect the outcome of the trial. See *Landers v. State*, supra. The State's own expert opined that the victim died as a result of a "cardiac event . . . *probably* because of the amount of strain" associated with his long recovery. (Emphasis supplied.)

(d) Callendar asserts Hancock's ineffectiveness was apparent in numerous other respects, to wit: he listed Callendar as a witness, filed a notice of appeal in the wrong appellate court, sought an appeal bond, failed to make effective use of witness statements and discovery materials to impeach witnesses, failed to prepare Callendar adequately to testify, and neglected to visit the scene of the crime. However, even if, as Callendar contends, these errors show Hancock was "clearly unprepared" to defend him, see *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996), it cannot be said that, absent these errors, there is a reasonable likelihood that the outcome of the trial would have been different. *Hayes v. State*, 263 Ga. 15 (426 SE2d 557) (1993).

(e) Hancock was not ineffective for failing to request charges on voluntary manslaughter and justification. Hancock testified at the hearing on the motion for a new trial that he believed those defenses were inconsistent with Callendar's defense that he did not participate in the shooting. Besides, the evidence did not support a voluntary manslaughter or justification charge.

4. Taken as a whole, the trial court's charge and recharge did not overemphasize conviction at the expense of acquittal. Nor, when viewed in conjunction with the verdict form, did it leave the jury with the impression that it had to find Callendar guilty on all counts or not guilty on all counts, thereby omitting the possibility that it could find him guilty on some counts and not others. *Sweat v. State*, 203 Ga. App. 290, 292 (5) (416 SE2d 845) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002 —
RECONSIDERATION DENIED APRIL 11, 2002.

*Peters, Roberts, Borsuk & Rubin, Douglas N. Peters*, for appellant.

*J. Tom Morgan*, District Attorney, *Barbara B. Conroy*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Tammie J. Philbrick*, Assistant Attorney General, for appellee.