## A09A1311. BENNETT v. THE STATE.
### (680 SE2d 538)

JOHNSON, Presiding Judge.

A jury found John Anthony Bennett guilty of aggravated battery, two counts of aggravated assault, and cruelty to children based on an incident in which he beat his girlfriend's ex-husband with a pipe, but claimed self-defense.[1] Bennett appeals from the trial court's denial of his motion for new trial, alleging (i) that his trial counsel was ineffective in failing to introduce evidence of the victim's prior violent acts and reputation for violence and (ii) that the trial court erred in refusing to grant him a new trial based on newly discovered evidence that the victim had a gun at the time of the incident. Because a reasonable probability exists that the outcome of the trial would have been different had jurors been able to consider a prior act of violence committed by the victim in evaluating Bennett's justification defense, we reverse.

1. In *Chandler v. State*,[2] the Supreme Court of Georgia held that evidence of specific acts of violence by a victim against a third person may be admissible when the defendant claims justification. In order to admit evidence of the victim's violent acts against a third person, the defendant must, among other things, make a prima facie showing that in the incident being tried, the victim was the aggressor, the victim assaulted him, and he was honestly trying to defend

---

[6] See *Rhode v. State*, 274 Ga. 377, 382-383 (12) (552 SE2d 855) (2001).
[7] See *Williams*, supra.
[1] The trial court merged the convictions for aggravated assault into the conviction for aggravated battery.
[2] 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991).

himself.[3] The same showing must be made in order for the defendant to introduce evidence of the victim's general reputation for violence.[4]

We disagree with the state's assertion that Bennett would have been unable to make a prima facie showing of justification. The evidence at trial showed that on January 2, 2003, the victim, Timmy Gerard Johnston, returned his six-year-old son to the residence of his ex-wife, Felicia Reid Johnston. While driving away from the residence, Mr. Johnston testified that he saw Bennett, who had been living with Ms. Johnston, strike Ms. Johnston outside the residence.[5] Mr. Johnston immediately returned to the residence, where Bennett was packing his belongings into the trunk of his car.

Ms. Johnston's neighbor testified that he heard a "commotion" outside his window and saw Mr. Johnston approaching Bennett. Both Bennett and the neighbor testified that Mr. Johnston had his hand in his pocket as he walked toward Bennett, and the neighbor testified that he "knew it wasn't good." Bennett claimed that as Mr. Johnston approached him, Mr. Johnston said, "I don't fight ni--ers, I shoot them." Bennett testified that he feared for his life because he knew of Mr. Johnston's reputation and had previously seen him with a pistol in his jeans. Bennett claimed that he continued to back up while Mr. Johnston approached him until he was standing against his car and had nowhere to go. Finally, Bennett testified that when Mr. Johnston attempted to pull his hand out of his pocket, he grabbed a pipe from his trunk and struck Mr. Johnston with it. While Bennett claimed to have hit Mr. Johnston no more than twice with the pipe, Mr. Johnston asserted that he was hit six to ten times. Following the assault, no weapon was found on Mr. Johnston.

The Supreme Court of Georgia has found that a defendant has satisfactorily presented a prima facie case of justification under circumstances even less favorable to the defendant. In *Johnson v. State*,[6] the defendant went to the victim's property to confront him after the victim had threatened to kill him. The defendant claimed that as he stood in the road, the victim approached him with his fists clenched and raised. When the victim was within six to eight feet of the defendant, the defendant produced a gun and fatally shot the victim. Following the shooting, no weapon was found on or near the victim.[7] Based on the Supreme Court's holding in *Johnson*, we find

---

[3] See *Stobbart v. State*, 272 Ga. 608, 610 (2) (533 SE2d 379) (2000).

[4] See *Smith v. State*, 267 Ga. 372, 374 (3) (477 SE2d 827) (1996).

[5] Both Ms. Johnston and Bennett denied that Bennett hit her, although Ms. Johnston testified that he raised his hand as if he was going to do so.

[6] 266 Ga. 380, 381 (467 SE2d 542) (1996).

[7] Id.

that Bennett presented a prima facie case of justification.[8]

As in *Johnson*, Bennett's trial counsel was aware of a prior act of violence by the victim, but erroneously concluded that it was inadmissible under *Chandler*.[9] At the motion for new trial hearing, the state stipulated to facts related to Mr. Johnston's 2005 conviction for, among other things, family violence aggravated assault based on an incident that occurred on April 27, 2004. On that date, Mr. Johnston went to the home of another ex-wife and pointed a gun at a man leaving the residence. After that man left the scene, Mr. Johnston kicked in the door to the ex-wife's residence, put the gun so forcefully to her that it left a mark on her forehead, and pulled the trigger. When the gun did not discharge, Mr. Johnston turned the weapon on himself, although it jammed again. The police officer who responded to the scene noted that Mr. Johnston's gun "was the type of gun that a man could put in his pocket."

Bennett's trial counsel did not seek to introduce this evidence under *Chandler* because he believed that *Chandler* applied only to violent acts occurring prior to the acts being tried. However, we have previously found that a victim's act of violence need not have occurred prior to the act being tried in order to be admissible under *Chandler*.[10]

In order to prevail on his claim of ineffective assistance, Bennett must show both that counsel's performance was deficient and that the deficient performance "prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different."[11] Given that evidence of Mr. Johnston's conviction for family violence aggravated assault was admissible under *Chandler*, Bennett's trial counsel's decision not to introduce it for such purpose based solely on his misunderstanding of the law constituted deficient performance.[12] In addition, because justification was Bennett's sole defense, evidence of the victim's prior assault with a gun on another ex-wife and the man leaving her residence was highly relevant to Bennett's defense.

---

[8] Id. at 381-383 (2); compare *Robinson v. State*, 275 Ga. 143, 144 (3) (561 SE2d 823) (2002) (no prima facie evidence of justification where defendant admitted that victim was not advancing on him when he shot him); *Shackelford v. State*, 270 Ga. App. 12, 14-15 (1) (606 SE2d 22) (2004) (no prima facie evidence that defendant was honestly trying to defend himself because defendant admitted that after victim was restrained by a compatriot, he did not flee but rather ran to a garage to retrieve a weapon and returned to the scene to strike the victim with the weapon while the victim was on the ground).

[9] *Johnson*, supra at 382 (2) ("Counsel's decision not to introduce specific acts of violence by the victim based on his belief that they were inadmissible because unknown to appellant was clearly erroneous.") (citations omitted).

[10] *Ochle v. State*, 218 Ga. App. 69, 73 (5) (459 SE2d 560) (1995).

[11] *Wright v. State*, 285 Ga. 57, 61-62 (4) (673 SE2d 249) (2009).

[12] *Johnson*, supra at 382-383 (2).

It cannot be said that the error in failing to introduce such evidence under *Chandler* was harmless.[13]

Our standard of review of a trial court's determination with respect to effectiveness of counsel is whether its findings are clearly erroneous.[14] In its denial of Bennett's motion for a new trial, the trial court found that counsel's failure to introduce evidence of the victim's conviction for family violence aggravated assault under *Chandler* could not constitute ineffective assistance because Bennett failed to present a sufficient claim of justification to introduce evidence under *Chandler*. This finding, however, was made after concluding that Bennett failed to prove justification "given the totality of the evidence." In requiring Bennett to establish justification based on this heightened standard, instead of merely making a prima facie showing, the trial court erred, and Bennett is entitled to a new trial.

2. We need not address Bennett's claim that he is entitled to a new trial because of newly discovered evidence that Mr. Johnston had a gun with him at the time of the incident. Bennett can present any admissible new evidence at his retrial.[15]

*Judgment reversed and case remanded with direction. Ellington and Mikell, JJ., concur.*

DECIDED JUNE 18, 2009.

· *Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Melanie M. Bell, Assistant District Attorney*, for appellee.

[13] See *Stobbart*, supra.
[14] *Johnson*, supra.
[15] See *Harridge v. State*, 243 Ga. App. 658, 664 (6) (534 SE2d 113) (2000).